HENRY B. WEED, plaintiff in error, vs. JOHN A. DAVIS, defendant in error.

*A person though in debt, may in good faith make a voluntary conveyance of a part of his property, if the part which he retains, is amply sufficient to pay his debts.*

Claim, in Dougherty county. Tried before Judge ALLEN, June Term 1858.

An execution in favor of Henry B. Weed, was levied on a house and lot in Albany, as the property of Andrew Y. Hampton, who was defendant in *fi. fa.*, and the property was claimed by John A. Davis.

On the trial of the claim, after the evidence and argument closed, the Court charged the jury, that if they were satisfied from the evidence that the Sheriff's deed of 8th July, 1852, under the tax sale, was in pursuance of a purchase made by defendant, Hampton, at which he paid the money, and ordered the title made to his son-in-law Davis; then they were to consider the whole transaction as a gift or advancement, by Hampton to claimant, at that time. If this was true, then the house and lot was not subject to the *fi. fa.*; unless that gift or advancement was made by Hampton to defraud his creditors, or hinder or delay them; that in determining that, they must look to the transaction itself; the circumstances of Hampton at the time, and the circumstances attending the transaction; the property he then had in his own right, and his indebtedness; and if they were satisfied Hampton was embarrassed at the time, and that this advance or gift was disproportionate to the amount of his property, as compared with what he was owing at the time, then such circumstances would be sufficient evidence of fraud, to authorize and to require them to find the property subject.

To which charge counsel for Weed excepted.

Counsel for plaintiff, requested the Court to charge the jury, that if this property, now the subject of this claim, was on the 8th July, 1852, the property of Hampton, and by him then advanced or given to his son-in-law John A. Davis, the claimant, then the property was subject to such debts of Hampton, as were at that time in existence and unpaid, and they should so find, whether the said Hampton intended the said transaction as a fraud or not upon his creditors. Which the Court refused, and the plaintiff excepted.

The counsel for plaintiff then asked the Court a charge, which as is stated in the bill of exceptions, was refused, and there was exception to it; but the Judge said that he could not certify to it, because he did not refuse it; but charged that debts dated subsequent to the conveyance might be proven to have been debts really antecedent thereto, and that when such proof was made, they stood upon the same footing as other antecedent debts, and that the conveyance was not *ipso facto* void as to debts existing at the time of its execution.

The counsel for plaintiff tendered bill of exceptions and assigned error.

B. F. Lyon; Smith & Hines, for plaintiff in error.

Strozier & Slaughter, for defendant in error.

*By the Court.*—Benning, J. delivering the opinion.

Was the charge of the Court wrong?

The charge seems to amount to this; that although Hampton might have been in debt at the time when he made the voluntary conveyance to his son-in-law, Davis; yet the conveyance was not void as to the persons, to whom he was so in debt, unless the value of the land conveyed, was disproportionably great, as compared with the value of his whole property, and the amount for which he was so in debt.

If there is any law which this charge violates, it must be the 13*th of Elizabeth*, "against fraudulent deeds, alienations, &c."

That statute declares, "that all and every feoffment, gift," &c., "made to, or for," the "intent to delay, hinder or defraud creditors and others, of their"—"debts," "shall be deemed and taken, (only as against" such creditors, and others,) "to be clearly and utterly void."—*Schley's Dig.* 215.

A gift, then, to be void by this statute, must be "*made*" with "*intent*" to defraud creditors.

Now is a man's being in a state of indebtedness, however slight, at the time when he makes a voluntary gift, however small as compared with his whole property, *conclusive* evidence, that he acts from an "*intent*" to defraud the creditors out of their debts. If it is, the charge was wrong, if it is not the charge was right.

It is certain, that the statute itself does not say, that this fact shall be conclusive evidence, or even any evidence, of such intent. The statute is simply silent, both as to the kind of facts which shall be admissible on the question of this intent, and as to the degree of weight to which any facts that may be admissible on the question, shall be entitled.

And yet it is equally certain, that there have been *dicta*, and perhaps a few decisions, to the effect that this fact is conclusive evidence of this fraudulent intent. But what law they find to support themselves by, I cannot imagine. In *Hindes, lessee, vs. Longworth*, 11 *Wheat. R.* 190, the Court say: "A deed from a parent to a child, for the consideration of love and affection, is not absolutely void as against creditors. It may be so under circumstances. But the mere fact of being indebted to a small amount would not make the deed fraudulent, if it could be shown, that the grantor was in prosperous circumstances, and unembarrassed, and that the gift to a child was a reasonable provision, according to his state and condition in life, and leaving enough for the payment of the debts of the grantor. The

want of a valuable consideration may be a badge of fraud; but it is only presumptive, and not conclusive evidence of it, and may be met and rebutted by evidence on the other side." *Story Eq. section* 362. The weight of authority is, in our opinion, in favor of the view here expressed. See note 2, to the section referred to, and note 1, to the next section, and section 365.

We think, then, that the charge was not wrong.

And if the charge was not wrong, it is plain, that it could not have been wrong to refuse the request to charge, for that was in conflict with the charge.

Judgment affirmed.