JOHNSON & SMITH *et al.*, plaintiffs in error, *vs.* WILLIAM W. FARNUM *et al.*, defendants in error.

1. After personal property is sold and delivered there is no lien for the purchase money implied by law, even though the purchaser was insolvent and knew he was unable to pay.

2. The right to rescind a sale for fraud must at least be claimed, if not exercised, before a court of equity will treat the sale as rescinded or subject to rescision.

3. Creditors without lien or title, and who have not reduced their claims to judgment, have, as a general rule, no right to invoke interference by injunction and receiver to prevent an assignment of the debtor's goods, or to deprive the debtor or his assignee of possession. This rule holds as to debts not due as well as to those past due.

Injunction. Sales. Lien. Rescission. Debtor and creditor. Before Judge KIDDOO. Terrell county. At Chambers, December 3d, 1875.

Reported in the opinion.

IRVIN & GRESHAM, for plaintiffs in error.

C. B. WOOTEN; L. C. HOYLE; SIMMONS & PICKETT; A. HOOD, for defendants.

BLECKLEY, Judge.

A debtor made an assignment for the benefit of his creditors, but inserted a condition that they must relinquish their claims, or treat them as fully paid, in order to take the benefit of it. Shortly thereafter certain creditors complained by bill of this assignment, and prayed for injunction and receiver. They alleged that certain of their debts were not due; that the goods purchased from them were bought while the debtor was insolvent and when he knew that he would be unable to pay for them; that some of these goods were still on hand, having but lately been delivered to the debtor; and, as to these, they set up a special lien on the goods for the purchase money. The bill, however, does not seek to rescind the sale for fraud. It alleged no election to rescind on the part of the creditors, and prayed for no rescission.

Here was no contract for lien. After sale and delivery of personal property the law implies no lien for purchase money.

1. We are not aware that any lien arises by implication in consequence of the purchaser being insolvent or of his knowing when he bought that he was unable to pay.

2. The seller of goods undoubtedly has a right to rescind for fraud; but he must, at least, claim the right, if not exercise it, before a court of equity will treat the sale as rescinded or subject to rescission. The bill before us claims no right to rescind but proceeds on a wholly different ground.

3. We are unable to distinguish this case from a great number heretofore decided, to the effect that creditors who have no lien and no title, and who have not reduced their claims to judgment, are in no condition to call for injunction and the appointment of a receiver. This rule, we think, applies in the case of voluntary assignment for the benefit of creditors as well as to sales or pretended sales by the debtor to other persons. Whether the debts are due or not makes no difference. The difficulty under which creditors labor is that they have not established their claims by judgment. Until they do so they have no right to deprive the debtor or his assignee

of possession. As to the validity of the assignment, there is no question about that. Both parties, in the argument, treated it as void; and it undoubtedly is so as to all creditors refusing to abide by it, on account of requiring the creditors to relinquish in order to take its fruits.

Judgment affirmed.