100   335
s105  346

100   335
f113  856

COHEN *et al. v.* PARISH, by next friend.

1. A debtor whose entire property consisted of a single parcel of realty and cash in hand was not, within the meaning of section 2695, par. 3 of the Civil Code, insolvent, if the market value of the land added to the amount of his cash made, in the aggregate, a sum sufficient to pay in full all his debts.

2. Where a debtor in this condition exchanged the land he owned for other land of less value, received the difference in money, placed the same where it could not be reached by legal process, and caused a conveyance of the property for which he had exchanged to be made to himself as trustee for a minor daughter, such conveyance, if as between the father and daughter unsupported by any valuable consideration, was, as to creditors, prima facie fraudulent; and the daughter carried the burden of proving that it was valid by showing, not only the solvency of the father, but also that the deed was bona fide and not made with the intention to hinder, delay, or defraud creditors.

3. If on a trial involving the validity of such a deed it appeared that the money received by the father was kept inaccessible to his creditors, this would be a strong circumstance evidencing a fraudulent intention in procuring the deed to be executed as stated.

4. The evidence in the present case did not warrant a finding that the father caused the deed to be made for the purpose of settling with the daughter an alleged claim on her part against him, arising from his misappropriation of the proceeds of a homestead estate of which she had been a beneficiary. Therefore, the question as to how the rights of the several parties to the record would be affected by a deed founded upon a consideration of the character just indicated is not now for decision.

5. As some of the instructions given by the court were not in harmony with the rules above laid down, the ends of justice require that there should be a new trial.

Argued January 19,—Decided March 3, 1897.

Equitable petition. Before Judge Lumpkin. Fulton superior court. March term, 1896.

*Simmons & Corrigan,* for plaintiffs in error.
*Van Epps, Ladson & Leftwich,* contra.

COBB, Justice.

The material facts are as follows: John T. Parish owned a city lot which he exchanged for another lot owned by Samuel T. Bryan, receiving a difference in money of $400.00. On April 30, 1886, Bryan, by direction of Parish, conveyed the lot to him as trustee for his minor daughter, Minnie Laura Parish. In this deed the trustee was given power to sell and convey the property without an order of court. At the time of this transaction Parish was indebted to L. Cohen & Company, and the lot conveyed was all the visible property he owned, but he had in hand cash sufficient, when added to the value of the lot, to pay all of his debts. On September 13, 1886, the sheriff levied certain justice court fi. fas. in favor of L. Cohen & Company against Parish individually, on the lot; and a sale was had, at which Cohen bid in the property for the sum of $100, and the sheriff made him a deed to the same. Parish also executed to Cohen a deed to the property which he held as trustee for his daughter, in payment of the debt due Cohen. Cohen went into possession of the property and retained possession until March, 1893, receiving the rents and profits, at which time he executed a bond for titles to one Speer, contracting to sell him the property. Since that time Speer has been in possession enjoying the rents and profits.

Minnie Parish in her petition by her next friend alleged that the deed from Parish to Cohen was void; that Cohen, knowing that the title to the property was in Parish as trustee for petitioner, induced him to make the deed to the same. She further alleged that Speer knew that Cohen had no legal title to the property. The prayers of the petition were, that the deed from the sheriff to Cohen, the deed from Parish to Cohen, and the bond for titles from Cohen to Speer, be all cancelled, and that she have judgment against Cohen for the rents and profits from the time of the execution of the alleged deed by Parish; or, that, in the event Speer be

considered an innocent purchaser, then for judgment against Cohen for the value of the property, with interest.

The defendant Cohen answered that he was a purchaser in good faith, that Parish was insolvent at the time the deed as trustee for his daughter was made, that it was without consideration, and was executed for the purpose of hindering, delaying, and defrauding his creditors. It appeared that Speer was an innocent purchaser. The jury returned a. verdict against Cohen for the value of the property. His motion for a new trial being overruled, he excepted.

1, 2, 3. The deed from Bryan to Parish as trustee, being in effect a voluntary deed by a father to his daughter, would be void as to creditors, if Parish was insolvent at the time. Was he insolvent? When he conveyed away the realty, he was possessed of no property which could be reached by the ordinary processes of law; but there was cash in his possession more than sufficient to pay all his debts. The definition of insolvency, as given by the judge in his charge, was as follows: "Insolvency means that condition in which a person has not sufficient assets to pay his debts. In determining, therefore, whether John T. Parish was solvent at the time he made the conveyance to Bryan, and obtained from Bryan a conveyance to him as trustee for his daughter, you will look to the evidence and determine from it whether or not he was unable to pay all his debts; that is to say, whether or not he had sufficient assets to pay his debts. In other words, whether he was solvent or insolvent." There was no error in this instruction. It follows the rule as laid down by this court. In the case of *Brown* v. *Spivey*, 53 *Ga.* 158, the court charged the jury that "if Spivey was not insolvent at the time of making the conveyance, that is, if he was not unable to pay his debts, then he had not only a right to make such gift, but it was his duty to make provision for his family, and the transaction would be good and valid against this claim." This charge was held by this court to be an accurate statement of the law in reference to in-

solvency where an attack was made upon a voluntary deed, although that part of the charge referring to the moral duty of the defendant to make provision for his family was criticised.

In the case of *Powell* v. *Westmoreland*, 60 *Ga.* 572, it was held that "notes and accounts and other evidences of debt are property, and should be counted as such in the issue of the solvency or insolvency of the grantor, or donor." This being true, it follows necessarily that cash in hand, whether coin, currency, or bank notes, is also property, to be counted in determining the question of solvency or insolvency.

Insolvency as applicable to a case of this kind has been similarly defined by other courts and text-writers. "Insolvency, then, is the inadequacy of a debtor's means, with all of his whole means or resources (including not only money, or its equivalent, but property in its most extensive sense), for the payment of all his debts. Debts are paid with property; and so long as a debtor is in possession of means of any kind with which, or out of which, he can himself at once discharge all his liabilities in full, or out of which his creditors can collect their debts by legal process, it is hardly necessary to say that he cannot be considered insolvent in the sense now under consideration." Burrill on Assignments, §43. Herrick *v.* Borst, 4 Hill (N. Y.) 650. In the case of Toof *v.* Martin, 13 Wall. 40, Mr Justice Field in the opinion says: "The term insolvency is not always used in the same sense. It is sometimes used to denote the insufficiency of the entire property and assets of an individual to pay all his debts. This is its general and popular meaning."

"Insolvency is the inadequacy of a man's funds to the payment of his debts." Wait on Insol. Corp. p. 41, §29. See also Bouvier's and Anderson's Law Dictionaries, Solvency and Insolvency; and the same in 11 and 22 Am. & Eng. Encyclo. of Law. It is needless to multiply authority;

if the property of a person, whether real or personal, tangible or intangible, leviable or non-leviable, be in value more than sufficient to discharge all of his debts, such person can, in no proper sense, be termed an insolvent.

But while such person would not be insolvent, still if, by a voluntary conveyance, he should deprive himself of all property which would be subject to legal process, such conveyance, as to creditors, would be prima facie fraudulent, and it would be incumbent on the grantee to show, not only that the grantor was solvent, but that the conveyance was made in good faith, and not with the intention to hinder, delay, or defraud his creditors. *Cothran* v. *Forsyth*, 68 *Ga.* 567. The fact that the grantor in such a conveyance kept his other property inaccessible to his creditors would be a strong circumstance showing a fraudulent intention in making the conveyance.

4. The evidence did not warrant a finding that the deed to Parish as trustee was made for the purpose of settling an alleged claim growing out of the misappropriation by the father of the proceeds of a homestead estate of which she had been the beneficiary. What would be the several rights of the parties had the deed been founded upon such a consideration, is a question not made by the record.

5. As some of the instructions by the court were not in accord with the principles above laid down, without expressing any opinion on the merits of the case, we send it back for a new hearing.

*Judgment reversed. All the Justices concurring.*