COHEN *et al. v.* PARISH, by next friend.

1. When the controlling question in a case is one of fact, and the jury, having been properly charged, determines that question, and there is evidence in the record which supports their finding, the verdict, when complained of as being contrary to law and to the evidence, will not be set aside after its approval by the trial judge.

2. When a father purchases land with his own funds, and causes the title to be made by the vendor to himself as trustee for a minor daughter, this, in the absence of any valuable consideration as between these two, is equivalent to a gift of the land by the father to the daughter; and the fact that he may have supposed the daughter had a valid legal claim against him and may have intended to thus settle it, when in fact there was no such claim, does not invalidate the trust deed. Its validity when attacked by his creditors depends upon his solvency at the time of the conveyance, and the absence of any intention on his part to hinder, delay, or defraud his creditors; and although the conveyance gives to the trustee a general power of sale without order of court, such power does not carry with it the right to sell and convey the property in consideration of the payment of an individual debt of the trustee.

3. In the trial of a case involving the validity of such a deed, where it is alleged that at the time of the gift the father was insolvent and

his object in causing such conveyance to be made was to hinder, delay, or defraud his creditors, the issues to be determined are those of solvency and of good faith; and declarations on the part of the father, made at the time of the conveyance, as to his reasons for having the conveyance so made, may be submitted to the jury for their consideration on the question of intention, and so may any documentary evidence tending to show the good or bad faith of the transaction, though such declarations or such documents may not be evidence of the truth of the matters recited or contained therein.

*Argued May 21, — Decided July 27, 1898.*

Equitable petition. Before Judge Lumpkin. Fulton superior court. September term, 1897.

On February 12, 1895, Minnie Laura Parish, a minor, brought suit by her next friend against L. Cohen & Co., a firm composed of L. Cohen, E. Steinheimer, and Jacob Menko, and against L. Cohen individually and John T. Parish, alleging, in brief: In April, 1886, Samuel T. Bryan, by a deed recorded May 7, 1886, conveyed to the plaintiff, through her father John T. Parish, as trustee for her, a certain lot of land in Atlanta. The deed contained a clause as follows: "This conveyance made with power to said John T. Parish, trustee as aforesaid, to sell and convey said property at public or private sale, without any order of court for that purpose." On September 13 of the same year, the sheriff, under a fi. fa. in favor of L. Cohen & Co. against John T. Parish, assumed or pretended to sell the property, and L. Cohen bid it in, the alleged consideration being $100. The sheriff's deed to him is void, because John T. Parish had no leviable interest in the property, the property belonging exclusively to the present plaintiff. On August 21 of that year, John T. Parish, having become indebted to L. Cohen & Co. and L. Cohen for whisky and barroom supplies, was induced by L. Cohen to execute, as trustee, a deed conveying said realty to L. Cohen in payment of the whisky account and for similar goods to be thereafter supplied. This indebtedness was exclusively that of the plaintiff's father, and she had no interest in it, and the deed is void. The alleged consideration, $500, is less than half the value of the property. The trustee had no power to execute such a deed, and the

grantee knew this, and knew that the plaintiff had no interest in and derived no benefit from the transaction, and wrongfully and fraudulently induced Parish to execute the deed. Cohen took possession of the property on or about the date of the deed, and continued wrongfully in possession until March, 1893, when he sold it to one Speer, an innocent purchaser. The plaintiff prayed for a judgment against L. Cohen & Co., and against L. Cohen individually, for $1,250, which she alleged was the value of the property on August 21, 1896, together with interest. L. Cohen & Co. and L. Cohen, in their answer, denied the allegations as to fraud, and alleged that they bought the property from Parish in good faith, believing it was subject to their debt. They contended that the sale by the sheriff was valid, and the sheriff's deed conveyed a good title; that the deed to John T. Parish purporting to create a trust for the benefit of the plaintiff was void as against his creditors, because the consideration of the deed was a lot belonging to Parish which Bryan received from him in exchange for the one conveyed, and the conveyance was therefore in the nature of a gift to the plaintiff from Parish, who was then insolvent, and because it was made for the purpose of hindering, delaying, and defrauding his creditors; and that the deed executed to Cohen by Parish was made in consideration of $500, and created a good title. On the first trial the verdict was for the plaintiff, and a new trial was granted. 100 *Ga.* 335. On the last trial there was a verdict for the plaintiff for $700 principal and $519.94 interest. The defendants moved for a new trial, which was denied provided the plaintiff would write off $204.40, with interest thereon from August 21, 1896. This was done. To the overruling of the motion Cohen et al. excepted. The motion alleges, beside the general grounds, that the court erred:

In admitting in evidence the record of homestead proceedings, application by Eva Parish and John T. Parish to the superior court to allow them to sell the lot described in the petition, proceedings and order of court, petition to sell this homestead property, appointment of a guardian ad litem for the two minor children of Eva and John T. Parish, his consent as

guardian· that it should be sold, and the order of the judge of
the superior court authorizing its sale and stating certain
terms of reinvestment of the fund arising from the sale.    It
appeared from this evidence that on April 17, 1876, Eva
Parish, wife of John T. Parish and mother of the plaintiff,
filed her claim of exemption under section 2040 of the Code of
1873, including in the schedule land subsequently exchanged
by John T. Parish for the property conveyed to him by the trust
deed in question, and that the exemption was allowed.    De-
fendants objected to this evidence, on the grounds, that there
was no evidence that Eva and John T. Parish had any such
property, nor that they had a homestead on the property, ex-
cept as stated in the petition, and the homestead would be the·
highest evidence of that fact; that it should first be shown that
Cohen & Co. had notice of this homestead fund; that if Parish
had any homestead funds, this fact did not create a debt from
him to his daughter, for she had no interest in the homestead
estate nor in its proceeds, certainly not to the extent of justi-
fying him in giving her his property.    The judge held that the·
evidence was not admissible to show the truth of the recitals in
the petition, as against Cohen & Co., but that he would admit
it as against Parish.    Movants contend that it was not admis-
sible even as against Parish, and that its only effect would
be to cloud and prejudice the minds of the jury, to the injury of
Cohen & Co.    Also, in allowing S. T. Bryan to testify that
John T. Parish, at the time he traded lands with witness and
took the deed from him to the property in question to himself
as trustee for his daughter, stated to the witness that he had
some money belonging to his daughter, and he would take the·
property the witness proposed to trade to him in part pay for
his place.    This was offered to show good faith of Parish in the·
transaction; that he really thought he owed his daughter some·
money and had a right to convey this property to her in payment
of the debt.    Defendants contended that the statement of Par-
ish at the time of this trade to Bryan was not admissible as
against Cohen & Co., and that even though Parish thought he
owed his daughter, he did not owe her anything of the home-
stead estate, and had no right to make the conveyance to her as

against Cohen & Co., and that plaintiff had no right to put in evidence the fact that Parish thought he was paying a debt to his daughter, for the purpose of showing good faith and supporting a deed of gift to his daughter.   The evidence was admitted, not to show a valuable consideration, but as bearing on the question of intent or fraud.   Also, in permitting John T. Parish to testify:  "My intention in having the deed of April 30 made to my daughter was to pay money that I owed my daughter, and set it aside for her so it would school her," referring to the homestead money.   Defendants objected that the intentions of Parish would not bind them; and that, it being shown that no consideration actually passed from the daughter to the father, plaintiff had no right to have a good motive shown in an attempt to make a conveyance for a valuable consideration.   Also, in allowing John T. Parish to testify that, after the order of court authorizing him to sell the homestead property had been granted, he vacated the property, and afterwards Henson went into possession of it and paid him $500 for letting him go in. Movants objected that the deed from Parish to Henson, if any, was the highest evidence of what property was conveyed and what consideration was received; that even though there had been a sale and Parish had received the $500, it was not a sufficient consideration for the conveyance from Parish to his daughter.   As to these grounds see the third division of the opinion.

In charging the jury:  "Certain evidence was introduced before you touching whether a homestead or exemption had been granted on certain property, whether Mr. Parish received certain money growing out of or under an order of court with respect to that property, and what he did and what he said at the time of making the transaction by which the deed was put in him as trustee.   This evidence was offered and admitted to be considered by you along with the other evidence in the case on the subject of intention, or good faith or bad faith; but it is conceded, and the court so charges you, that such evidence did not operate as proving the truth of what Mr. Parish may have said, that his declarations are not evidence of the fact of what he states, that they were offered and admitted for your considera-

tion on the subject of his intention and not as proof of the actual fact which he may have stated or recited further than the question of intent on his part; and, as I stated to you, it is further conceded by counsel in open court that the evidence touching the homestead and the transactions resulting with regard to it does not show a valuable consideration for the taking of the deed by Parish in his name as trustee for his daughter. You may therefore act on the statement that there is no proof of a valuable consideration, and that the taking of title in his name as trustee was therefore a voluntary conveyance, or amounted to a voluntary conveyance between him and his daughter." And, "If he was solvent, however, he could make a voluntary deed or conveyance, and it would not ipso facto be void; that is to say, if a man is solvent, the mere fact that he makes a voluntary conveyance does not render the conveyance void as against his creditors. If a man has sufficient means to pay his debts, if he is solvent, and he makes a voluntary conveyance which does not leave him sufficient to pay his debts, the transaction would be void as against his creditors, but if he is solvent and makes a voluntary conveyance which does not leave him unable to pay his debts out of his assets in hand, the conveyance would not be void merely because it may have been voluntary." And, "You will perceive that the plaintiff claims to recover on the ground that the trust property has been diverted; therefore, if she is entitled to recover, she would be entitled to recover to the extent to which she has been injured by reason of such diversion, if it existed, that is, to the extent of the value of the trust property misappropriated or diverted, with interest on it from the date of such diversion. It appears in the evidence that, in addition to the indebtedness of Messrs. Cohen & Co., there was some amount in cash given to Parish, the trustee. In order for this to be set off as against the recovery of the plaintiff (if she be entitled to recover), it must appear from the evidence that this went to her benefit and was actually used for her benefit or the trust estate. If it does not so appear, it would not be a matter of credit." And, "If the trust deed in Parish, trustee, was valid, and Cohen took a conveyance from him with a knowledge of this trust and knowing that it was made to pay an in-

dividual debt of Parish, this would be a diversion, and Cohen could not set up prescriptive title under that deed as against the beneficiary.    One who takes property from a trustee, knowing it to be diverted, takes subject to the trust.    Therefore, as to the conveyance from the trustee to Cohen & Company, if it amounted to a diversion, it would not form a basis of a prescription by Cohen as against the beneficiary of the trust."

*Simmons & Corrigan,* for plaintiffs in error.
*C. T. Ladson* and *Van Epps & Leftwich,* contra.

LITTLE, J.    The preceding official report furnishes all the information necessary to a clear understanding of the facts of the case, and sets out the grounds on which it is sought to have the judgment of the court below reversed.

1. Exception was taken to several distinct parts of the charge of the court.    The instructions contained in these extracts from the charge, on which error is assigned, we construe to be in harmony with the principles of law applicable to the case, and which are hereafter discussed.    It is our opinion, as hereafter shown, that the court committed no error in admitting evidence.    The final determination of the case on its merits depended upon the facts whether, at the time of the conveyance from Bryan to John T. Parish as trustee, Parish was solvent or insolvent, and whether he caused such deed to be made in good faith, or with the intent to hinder, delay, or defraud his creditors.    Much evidence was introduced to sustain the respective contentions of the parties.    The jury, having been as we think properly instructed by the court, by their verdict solved these questions of fact in favor of the petitioner, and we are not at liberty to reject their finding, inasmuch as there was sufficient evidence introduced on the trial on which such a verdict could be rendered ; and it will not therefore be set aside as contrary either to law or to the evidence, after its approval by the trial judge.

2. This is the second time the case has been before this court.    On the first trial a verdict was rendered for the petitioner, and on the refusal of the trial judge to set aside the verdict and judgment rendered thereon the defendant assigned

error, and this court reversed that judgment.   100 *Ga.* 335.
The second trial resulted in a verdict for the plaintiff, which,
as it appears here, was made satisfactory to the presiding judge
in the court below, who refused to grant a new trial on motion
of the defendant, and the judgment so refusing has been brought
here and is sought to be reversed on the grounds appearing in
the official report.    The issue upon which the case turns is,
whether the deed of trust, under which the petitioner claims,
was void as against the defendants, either by reason of having
been made at a time when John T. Parish was insolvent, or ren-
dered insolvent by such transaction, or having been made at the
instance of John T. Parish to hinder, delay, or defraud his cred-
itors.    The plaintiffs in error contend further that this deed of
trust was made without a consideration to support it, and also
that they have acquired by prescription a good title as against
the petitioner.    On the former trial it was claimed by the peti-
tioner that the deed of trust which was made by Bryan to John
T. Parish as trustee for petitioner, was made by the direction of
said Parish for the purpose of paying to the cestui que trust a
debt which Parish owed to her by reason of having misappro-
priated the proceeds of a homestead estate of which she was the
sole beneficiary.    On the present trial, however, petitioner
rested the validity of the deed of trust, not upon a valuable con-
sideration, but upon a good consideration—that of blood, and
claimed that it was made at a time when the said John T. Par-
ish had a right so to have it made, he being solvent, and that he
acted in good faith, and without any intent to hinder, delay, or
defraud his creditors.    In determining therefore the relative
rights of the parties to this action, the deed of trust must be
treated and regarded as a voluntary conveyance, so far as the
creditors of John T. Parish are concerned.

By section 3569 of the Civil Code, it is declared that "An
insolvent person can not make a valid gift to the injury of his
existing creditors," etc., and paragraph 3 of section 2695 of that
Code, which defines what acts shall be void as against creditors,
includes within such acts: "Every voluntary deed or convey-
ance, not for a valuable consideration, made by a debtor insol-
vent at the time of such conveyance"; while paragraph 2 of that

section embraces within such acts: "Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description, had or made with intention to delay or defraud creditors, and such intention known to the party taking," etc.    While, therefore, this rule of law that every voluntary conveyance, not for a valuable consideration, made by a debtor insolvent at the time of its execution, shall be void as against creditors, and that every conveyance made by a debtor, whether solvent or insolvent, with intention to delay or defraud creditors, and such intention known to the party taking, shall likewise be void, is mandatory and admits of no exception (*King* v. *Poole,* 61 *Ga.* 374), yet it is well settled that a person may, though in debt at the time, make a voluntary conveyance under such circumstances as that it will be valid and binding even as against existing creditors.    In the case of *Clayton* v. *Brown,* 17 *Ga.* 220, the court, referring to this question, said:    "Far be it from us to controvert the rule that a gift or conveyance, founded merely upon a good consideration, such as blood or affection, may not be set aside by creditors, if it appear that the grantor was in embarrassed circumstances when he made it.    For it has been well said that a man must be just before he is generous; and that he is bound both legally and morally to pay his debts before giving away his property.    Still we do maintain that the mere fact that a man is indebted at the time will not render his gift, ipso facto, void"; in support of which many authorities are cited.    In the case of *Weed* v. *Davis,* 25 *Ga.* 684, the rule is laid down that: "A person, though in debt, may in good faith make a voluntary conveyance of a part of his property, if the part which he retains is amply sufficient to pay his debts."    So in the case of *Brown* v. *Spivey,* 53 *Ga.* 155, it was held that a voluntary conveyance made by a husband solvent at the time, to his wife and children, was binding as against creditors.    The same principle was recognized in the case of *Trounstine & Co.* v. *Irving,* 91 *Ga.* 92, and many other of our reported cases.

The plaintiff at the last trial having conceded that the trust deed under which she claimed was not supported by a valuable consideration, such deed was, as to creditors, as was ruled by

this court on its former review of the case, prima facie fraudulent; and the plaintiff carried the burden of proving that it was valid, by showing, not only the solvency of the father, but also that the deed was bona fide, and not made with the intention to hinder, delay, or defraud creditors. On the trial, there was evidence for the plaintiff tending to show that at the time the father directed the land to be conveyed to him as trustee for her, he had, in addition, cash in hand which considerably exceeded his entire indebtedness in amount. There was also evidence for the plaintiff, tending to show that her father honestly believed that he was indebted to her for the proceeds of the homestead which had been misappropriated by him, and that he in good faith, and without any intention of hindering, delaying, or defrauding his creditors, directed the deed to be executed to himself as trustee for his daughter, in order to make reparation for the misappropriated proceeds of the homestead estate. Under the ruling of this court in the case when before here for review, if it is true that the father at the time of the conveyance had in hand more than sufficient money to pay all of his debts, he was not, within the meaning of section 2695, paragraph 3, of the Civil Code, insolvent. There was sufficient evidence introduced at the trial to warrant the jury in finding that the father had a sufficient amount of money to pay all of his indebtedness at the time of the execution of the trust deed; and also sufficient evidence to warrant the jury in finding that, in directing the trust deed made, the father acted in good faith, and without any intention to hinder, delay, or defraud creditors. It must, therefore, follow that the jury, in passing on this evidence, found that the conveyance was not void as to the defendants for any of the reasons stated. As we have said, the validity of the deed from Bryan to Parish as trustee for petitioner in no way depended on the question as to whether at the time of its execution Parish was moved to have the deed executed because of his belief that he was indebted to his daughter. If in fact he was so indebted, then the consideration between the trustee and the cestui que trust would be a valuable one. If on the contrary he was not so indebted, the relation of parent and child was sufficient to afford a good consideration. It suffices to say that he caused the

deed to be executed, and if on any account the reasons which
caused such execution on his part were unfounded, the trust
deed nevertheless vested the beneficial interest in the cestui que
trust, which could not be recovered by the action of any creditor
on account of the voluntary character of the deed, but would be
subject to be set aside at the instance of Parish alone, if in fact
equitable grounds existed therefor; and, without any effort on
his part to bring this about, it would be held to be a gift by the
father to the daughter.

The jury having determined that the deed of trust was valid,
·it remains to inquire whether the sheriff's deed, and that exe-
cuted to the defendants by John T. Parish as trustee for the
plaintiff, passed title to the grantees as against the cestui que
trust.  In addition to the sheriff's deed, Cohen claimed under a
deed executed by John T. Parish, trustee for his daughter, Min-
nie Laura Parish.  The consideration of this deed was shown,
at least in part, to be the settlement of a debt which Parish in-
dividually owed to Cohen.  Claiming under a deed executed by
Parish as trustee, Cohen was charged with notice of the trust
estate.  *Bazemore* v. *Davis,* 55 *Ga.* 505.  It is undoubtedly
true that, under the terms of the deed creating the trust, Parish
had a right, at his own volition and without an order of court,
to sell and convey this trust property.  The proceeds of such
sale, however, if any should be made, would belong to the cestui
que trust, and must in the hands of the trustee be held for her
benefit.  The trustee had no right, under the power of sale
given to him, to sell the trust property and convey the title
in payment of his individual debt.  Such a conveyance would
be a direct misappropriation of the trust property, and would
carry no title to the grantee whose debt was so paid.  Cohen
recognized the existence, if not the validity, of the trust, and
the fact that title was held for the benefit of the petitioner, by
accepting the conveyance as that of a trust estate, the validity of
which depended on the right of the trustee to convey; he took
the property, in part at least, in satisfaction, not of a debt due
to him by the trust estate, but of a debt due to him by Parish
individually.  This was a diversion of trust property, if the
trust in fact existed, to which Cohen was a· party with knowl-

edge, and, assuming the existence of the trust as the jury have found, his rights are to be governed by the provisions of section 3200 of the Civil Code, which declares: "All persons aiding and assisting trustees of any character, with a knowledge of their misconduct, in misapplying assets, are directly accountable to the persons injured." The principle thus announced in the code was applied in the case of *Maynard* v. *Cleveland, 76 Ga.* 52, where it was held that a payment of a note due a trust estate, by allowing a credit on the trustee's individual indebtedness to the payer, is not valid against the trust estate. So that, if there was in law a valid trust—that is to say, if in this case the father caused the deed of trust to be made at a time when he was solvent, and was not rendered insolvent by such transaction, and this action on his part was not had for the purpose of hindering, delaying, or defrauding his creditors, both of which facts the jury must have determined in setting up the trust, neither the sale of the land by the sheriff under execution issued against John T. Parish individually, and with which the cestui que trust had no connection, nor the deed of conveyance made by Parish to Cohen in consideration of the payment of the individual debt of Parish, were, as a matter of law, valid, and the grantee took nothing by either one of such conveyances.

3. As we have before said, the issues to be tried under the pleadings in this case being the solvency or insolvency of Parish, and whether he caused the conveyance to be made to hinder, delay, or defraud his creditors, it was competent, as bearing in some degree on the question of intention, to admit in evidence the declarations made by Parish at the time of the execution of the conveyance, as to his reasons for having the conveyance so made. The plaintiff introduced Bryan, who testified that at the time he closed with Parish and conveyed the land to him as trustee for his daughter, Parish stated to him that he had some money belonging to his daughter and would take the property of the witness in part-pay for his place. For the plaintiff, Parish also was allowed to testify that his intention in having the deed made to his daughter was to pay money he owed her, and to set it aside for her so it would school her. A copy of the exemption set aside on the application of Eva Parish in 1876, and

also a copy of the proceedings under which the homestead property was sold, including the petition and order of the court, were allowed in evidence over the objection of defendants.　Concerning the homestead property, Parish was also allowed to testify that after its sale he vacated the property and received the sum of five hundred dollars from Henson, who went into possession. We think this evidence was properly admitted, not as proof of the facts stated, but solely as evidence of the circumstances surrounding Parish at the time, and as to some extent at least bearing on the question of what was his intention in having the deed so made, and as tending to show the absence of fraud. This seems to have been the view of the presiding judge, who, in his charge to the jury, instructed them that this evidence was not sufficient to show that there was a valuable consideration moving from the daughter to the father, nor should the evidence be considered as proof going to establish any other facts than that of intention and the absence of fraud.　Whether Parish was acting in good faith or whether he was contriving to defraud his creditors were questions of fact to be determined.　It was therefore proper to admit this evidence as showing the acts and words of Parish done and spoken at the time in order to ascertain his motive.　Section 5179 of the Civil Code provides that: "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, are admissible in evidence as part of res gestæ."　Section 5176 of the Civil Code declares that "When, in a legal investigation, information, conversations, letters, and replies and similar evidence, are facts to explain conduct and ascertain motives, they are admitted in evidence, not as hearsay, but as original evidence."　In the case of *Carter* v. *Buchannon,* 3 *Ga.* 513, the court says: "Res gestæ are the circumstances, acts, and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate its character." And in the case of *Clayton* v. *Tucker,* 20 *Ga.* 452, the court held: "Declarations which accompany an act, and which are such as may well explain the act and be a part of it, are admissible as evidence along with the act."　Thus, in the case of *King* v. *King,* 45 *Ga.* 644, the court ruled that: "Where the fact that

complainant went to Rome to receive the confederate money was proven, her reasons stated at the time for her act should have been received as part of the res gestæ." And in the case of *Mc-Lean v. Clark, 47 Ga.* 24, the court ruled: "Declarations of a vendor of property, as to his motives for the sale, made at the time and during the progress of the sale, and even so soon thereafter as to be free from all suspicion of afterthought, are admissible evidence on a trial as to the validity of the sale." It is also held that "a party may testify to his intention. It is evidence to be considered, but the facts—all the facts—are to be considered, to arrive at the truth respecting his real motive." There can be no question that the evidence objected to was admissible as part of the res gestæ of the transaction resulting in the execution of the trust deed and as throwing light upon the issue as to the real intention and motive of the father in directing the trust deed to be made. Although the documents and declarations may not have been competent evidence as to the truth of what they contained or recited, they were admissible as bearing upon and tending to illustrate the motives actuating the father at the time of the execution of the trust deed.

*Judgment affirmed.   All the Justices concurring.*