### HELMKEN v. FLOOD et al.

1. An equitable petition filed against a tenant, who is alleged to have vacated the leased premises after fraudulently conveying "*all*" of her personal property" and "*all*" of her real estate" to certain near relatives of the tenant for the purpose of preventing the collection of the rent out of the property so transferred, is not demurrable because the "insolvency" of the tenant is not alleged in terms by the use of the words "insolvent," or "insolvency."

2. Where a contract of lease has been breached by the tenant because of non-payment of rent and abandonment of the leased premises, and no provision is made in the lease contract for a demand to be made on the tenant for the rent before an action can be brought for its recovery, it is not necessary to make such demand prior to the filing of such suit.

3. Since the uniform procedure act of 1887, a landlord may proceed in one action to obtain a judgment for rent alleged to be due, and for the equitable relief of having cancelled conveyances fraudulently made for the purpose of defeating the collection of such rent.

MAY 16, 1912.

Equitable petition   Before Judge Charlton.   Chatham superior court.   April 25, 1911.

Citations from briefs (besides those in the opinion) : *McLendon* v. *Hooks,* 15 *Ga* 533; *McKenzie* v. *Thomas,* 118 *Ga.* 728, 737; *Gibson* v. *Carreker,* 82 *Ga.* 46; *Lester* v. *Piedmont Ins. Co.,* 55 *Ga* 475; *Manheim* v. *Claflin,* 81 *Ga.* 129; *Vaughan* v. *Ga. Loan Co.,* 98 *Ga.* 288; *Kruger* v. *Walker,* 111 *Ga.* 383; *Rogers* v. *Stern,* 112 *Ga.* 624; *Evans* v. *Piedmont Asso.,* 117 *Ga.* 940; Civil Code, §§ 3215 et seq., 4254, 4522, 4538, 4621, 4629, 5407 et seq., 6387, 6511.

*Oliver & Oliver,* for plaintiff.

*David C. Barrow,* for defendants.

HILL, J.   Mrs. Mary Helmken filed her equitable petition against Mrs. Ellen M. Flood, Mrs. Lavinia Flood, and Mrs. Ellen M. Flood as trustee for Margaret Flood, alleging that Mrs. Ellen M. Flood was indebted to her in the sum of $610 for rent, by virtue of a certain lease contract, a copy of which was attached to the petition.   It was also alleged, that, in order to conceal her property and to remove it beyond reach of petitioner's claim for rent, Ellen M. Flood made two fraudulent conveyances, one to her daughter-in-law, Mrs. Lavinia Flood, conveying to her all of the grantor's personal property, and the other to herself as trustee for her twelve-year-old daughter, Margaret Flood, conveying all of the grantor's real estate, with the stipulation that, upon the latter

becoming of age, or marrying, the property should revert to the said Ellen M. Flood. A consideration of $100 was alleged in the case of the personal property, and "love and affection and one dollar" as the consideration for the deed to the real estate. It was alleged that there was no real consideration in either case, and that the title to the property was still in the debtor. Knowledge of the fraudulent intent was alleged in the transferees of the real and personal property, who were made parties to the suit. The petition prayed judgment in the sum of $610, for rent, and also the cancellation of the alleged fraudulent conveyances in order to subject the property to the payment of the debt, if found due. The defendants filed a general demurrer to the petition, which was sustained by the court, and the plaintiff excepted.

Does the petition set forth a cause of action? It is insisted by the defendants in error that it does not, for the reasons: (*a*) That there is no allegation in the petition that Ellen M. Flood, against whom judgment was prayed, was insolvent. (*b*) That there is no allegation that demand was ever made upon Mrs. Ellen M. Flood for payment of the sum claimed, and that she refused to pay the rent due.

1. While it is true that no allegation of insolvency on the part of the debtor was alleged in so many words, it is alleged that the debtor fraudulently conveyed *all* of her personal property to her daughter-in-law, and *all* of her real estate to herself as trustee for her daughter. If these allegations are true (and the demurrer admits them to be true), it is difficult to perceive how a person without real or personal property could be solvent, or otherwise than insolvent, and how such a debtor could be made to respond to a judgment against her for her debts. Insolvency is "the condition of a person who is insolvent, or unable to pay his debts." 2 Blackstone, 285, 471; Bouvier's Law Dict., title "Insolvent." We think the allegations of the petition were equivalent to an allegation in terms that the debtor was insolvent.

2. Our law declares that "No demand is necessary to the commencement of an action except in such cases as the law or the contract prescribes." Civil Code (1910), § 5512. The law does not provide for a demand in the case of rent. And the contract in this case does not prescribe for any demand before an action shall be commenced for the collection of rent. But it is insisted that a demand in this case is necessary, for the reason that Mrs. Flood,

the debtor, could not know what was the amount of her indebtedness for rent due to Mrs. Helmken, because the debtor could not know whether the premises had been re-leased and rent collected therefor. It is hardly conceivable that a tenant who had rented certain premises at a specified sum for a term of years did not know the amount of rent due her landlord, or could not ascertain the amount due upon the slightest inquiry, especially if any disposition to pay the same was manifested. At any rate, we know of no law in a case like this which requires a demand to be made before suit is brought.

3. Counsel for the defendants in error cite, among other authorities, Civil Code (1910), § 5495, which is as follows: "Creditors without lien can not, as a general rule, enjoin their debtors from disposing of property, nor obtain injunction or other extraordinary relief in equity." In the case of *Booth* v. *Mohr*, 122 *Ga.* 333 (50 S. E. 173), it was held: "Since the uniform procedure act of 1887 (Civil Code [1895], § 4937), creditors in one action may attack a sale made by their common debtor, as fraudulent, and obtain judgment against the debtor for their several demands." See, to the same effect, the cases of *DeLacy* v. *Hurst*, 83 *Ga.* 223 (9 S. E. 1052); *Stillwell* v. *Savannah Grocery Co.*, 88 *Ga.* 144 (13 S. E. 963). Since the uniform procedure act of 1887, and the decisions of this court construing that act, it seems well settled that one who has legal and equitable rights may proceed in one suit to seek both legal and equitable relief. The present is such a case, and we think the petition set forth a legal and equitable cause for relief, and should not, therefore, have been dismissed on demurrer.      *Judgment reversed. All the Justices concur.*