## DRAKE v. WARD-TRUITT COMPANY.

A voluntary conveyance made by a husband to his wife is not void if the husband retain ample property to pay his existing debts and liabilities; and in determining whether the property left or retained by the husband is sufficient to pay his existing debts and liabilities, property in which the husband is entitled to an exemption or homestead, but which has not been exempted, is not to be deducted, unless the jury should find as a fact that the husband, at the time of the conveyance, intended to exempt the same.

No. 1240. APRIL 16, 1919.

Claim. Before Judge Walker. Taliaferro superior court. October 17, 1918.

*J. A. Mitchell,* for plaintiff in error. *S. H. Sibley,* contra.

GEORGE, J.   In the latter part of 1915 Drake rented lands of Ward-Truitt Company and gave his note for $360, which contained no waiver of homestead or exemption rights.   On August 1, 1916, with money inherited from his father's estate, Drake purchased a tract of land in his own name.   Two days later he deeded the land to his wife and children, reserving unto himself, however, the rents, profits, and control of the land during his life. On November 21, 1916, Ward-Truitt Company instituted suit upon the rent note, then matured and unpaid.   On March 12, 1918, Ward-Truitt Company recovered a verdict and judgment against Drake.   In February, 1918, and before the verdict and judgment against him, Drake obtained a homestead in all the personal property which he owned.   The execution in favor of Ward-Truitt Company was levied on the land which Drake had conveyed to his wife and children.   On the trial it was conceded that the deed was a deed of gift; and Drake testified (his evidence being undisputed) that at the date of the deed he owned personal property of the value of $600, the same property (with the exception of some feedstuff which had been consumed) which he exempted in February, 1918.   Among other things it was contended that the deed to the wife and children was void, on the ground that it was voluntary and left Drake insolvent within the meaning of the law.   Upon this issue the court charged that unless Drake, after making the deed, had sufficient property to pay his existing debts over and above the personalty which had been set aside to him as an exemption, he would be rendered insolvent within the meaning of the law and the deed would be void.   The verdict was for the plaintiff in fi. fa.   The claimant's motion for new trial was overruled, and she excepted, assigning error upon the charge aforesaid.

The precise question involved was before this court in *Westmoreland* v. *Powell,* 59 *Ga.* 256.   The fourth headnote in that case is as follows: "If, then, this tort-feasor was insolvent, or was left insolvent, when he made this voluntary conveyance, it was void as against the party damaged; and whether insolvent or not, was a question for the jury—the value of his homestead and exemption in his remaining estate not to be counted against him, in the absence of all evidence that he intended to apply for the same."

The same case was again before the court (*Powell* v. *Westmore--land,* 60 *Ga.* 572); and this court then approved the following charge: "The assets then held by Willis Westmoreland are not to be reduced by allowing or deducting any exemptions he might be entitled to by law, unless he had some intention or design at the time to avail himself of such exemption. Look to the evidence, and if you find that no such intention existed at the time he executed the deed, then you would count all his property as assets, without reference to legal exemptions. If an intention appear, and was acted on in another proceeding, and subsequently to the deed, it would be for the jury to say at what time he conceived such intention, and whether it went back to the time of the conveyance." In view of the foregoing, the charge excepted to in the instant case was erroneous; and inasmuch as we are unable to agree with counsel for defendant in error in his contention that the verdict of the jury was nevertheless demanded upon other issues in the case, a reversal must result.

We do not overlook the rule, recognized in this State, that the property left or retained by the debtor must be ample to pay his existing debts and liabilities, and must be within this State and not within another jurisdiction. *Baker* v. *Lyman,* 53 *Ga.* 339; *Weed* v. *Davis,* 25 *Ga.* 684; *Cothran* v. *Forsyth,* 68 *Ga.* 567. We are also mindful that it has been elsewhere ruled that the property retained by the debtor must likewise be accessible or available to creditors and subject to levy by execution (1 Moore on Fraudulent Conveyances, 282, and cases there cited); and that, in determining the solvency of the debtor, property in which he is entitled to an exemption is not to be included. See Williams v. Hughes, 136 N. C. 58 (48 S. E. 518). See, however, *Cohen* v. *Parish,* 100 *Ga.* 335, 339 (28 S. E. 122); *Ayers* v. *Harrell,* 111 *Ga.* 864 (2) (36 S. E. 946); *Wellmaker* v. *Wellmaker,* 113 *Ga.* 1155 (39 S. E. 475). Our own decisions are controlling.

*Judgment reversed. All the Justices concur.*