MITCHELL *v.* WEEKES, administrator, *el al.*

No. 10382.   DECEMBER 12, 1934.

*Bonneau Ansley* and *Scott Candler,* for plaintiff.

*Branch & Howard* and *Bond Almand,* for defendants.

BECK, P. J.   A. L. Mitchell filed a petition against John Wesley Weekes as administrator of the estate of Dr. J. M. Tribble, and against his wife and daughters, Mrs. Bannie C. Tribble, Mrs. Miriam E. McGhee, and Mrs. J. S. Fleming, alleging as follows: On April 1, 1920, Dr. J. M. Tribble borrowed from the plaintiff five hundred dollars, and executed his note of that date, due January 1, 1921, with interest. The note has a credit of $200, leaving a balance due of $300, with interest at eight per cent. since January 1, 1931.   Dr. Tribble died on or about May 20, 1932, leaving no will.   On January 16, 1931, Dr. Tribble conveyed by deed to his wife and two daughters certain parcels of real estate belonging to him.   On March 14, 1931, he conveyed by deed to E. W. Boswell a tract of land described. (Boswell is not a party defendant.) These acts of Dr. Tribble rendered him wholly insolvent, and the conveyances were made with intent to hinder, delay, and defraud petitioner, his creditor, whose note was at all times an outstanding debt against Dr. Tribble. All the deeds referred to were executed by

Dr. Tribble without valuable consideration; the amounts named in each of the deeds as the consideration were never paid to the grantor; even if they were paid, they were wholly inadequate; and regardless thereof the deeds were executed for the purpose of hindering, delaying, and defrauding petitioner. The fact that the execution of these deeds rendered Dr. Tribble insolvent was known to the defendants, who were not innocent purchasers, but they took the property with full knowledge of the indebtedness to the plaintiff, and that Dr. Tribble would be rendered insolvent by such conveyances. Dr. Tribble left no assets from which petitioner could collect his notes. The widow applied for and received from the court of ordinary all of the personal property, of the value of $700, as a year's support.

The court sustained a general demurrer and dismissed the action. To this ruling the plaintiff excepted.

The court did not err in sustaining the demurrer. It is true that it is provided in our Code that "Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description, had or made with intention to delay or defraud creditors, and such intention known to the party taking, shall be fraudulent in law against creditors and others, and as to them null and void." § 3224, par. 2. But while it is alleged in the petition that the conveyances made by Dr. Tribble, were made with intent to delay and defraud creditors, it is not alleged that such intention was known to the parties taking the deeds. That the intention of the maker of a deed to hinder and defraud creditors was known to the party taking it is an essential allegation in a petition to cancel and set aside the conveyance. It is, however, further provided in the Code, "Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance, shall be null and void as against creditors." § 3224, par. 3. While it is alleged in the petition that the conveyances made by Dr. Tribble rendered him insolvent, the facts set forth do not sustain this contention. It is not alleged that Tribble owed other debts than that which it is alleged he owed to the plaintiff, some $300.00; and the facts pleaded show that subsequently to the execution of the conveyances to his wife and daughters he had other property which he conveyed later to another person who is not made a party to this

case. This conveyance was for a consideration of $2500, and it is not alleged that it was not of that value. In fact the allegations of the petition show that it was. And besides this, it appears that at the time of his death the deceased had personal property of the value of $700, which was subsequently set apart as a year's support to his widow. And so, while there is a general allegation of insolvency, or that Tribble was rendered insolvent by the conveyances to his wife and two daughters, the facts specifically alleged show that he was not insolvent, and not rendered insolvent by the conveyances sought to be set aside. In *Weed* v. *Davis,* 25 *Ga.* 684, this court held: "A person, though in debt, may in good faith make a voluntary conveyance of a part of his property, if the part which he retains is amply sufficient to pay his debts." In *Wellmaker* v. *Wellmaker,* 113 *Ga.* 1155 (39 S. E. 475), it was said: "The facts, that one who while indebted was possessed of a considerable amount of land had from time to time, prior to the institution of a suit against him, conveyed to his children, separately, particular parts of such land, and subsequently sold the balance to his wife and son-in-law, do not, without more, render void a voluntary conveyance made to one of his daughters a considerable time prior to the sale, when it also appears that at the date of such conveyance the grantor reserved to himself land sufficient to pay off his indebtedness." In *Drake* v. *Ward-Truitt Co.,* 149 *Ga.* 54 (99 S. E. 125), the same principle was recognized. There it was said: "A voluntary conveyance made by a husband to his wife is not void if the husband retain ample property to pay his existing debts and liabilities; and in determining whether the property left or retained by the husband is sufficient to pay his existing debts and liabilities, property in which the husband is entitled to an exemption or homestead, but which has not been exempted, is not to be deducted, unless the jury should find as a fact that the husband, at the time of the conveyance, intended to exempt the same." See also *McCranie* v. *Cobb,* 174 *Ga.* 370 (162 S. E. 692) ; *Ayers* v. *Harrell,* 111 *Ga.* 864 (36 S. E. 946).

In view of what we have ruled, and of the authorities upon which our conclusions are based, the court properly sustained the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*