KEETER *et al. v.* BANK OF ELLIJAY.

*Charles W. Anderson,* for plaintiffs in error.
*A. H. Burtz* and *John S. Wood,* contra.

REID, Chief Justice. This is an action by a creditor for a judgment on a note, for cancellation of a deed, and for injunction, restraining the defendants from changing the status of the title of the property conveyed. Demurrers of the defendants were overruled, and an interlocutory injunction granted. The present writ of error brings into question the correctness of these judgments.

It appears from the allegations of the petition that on March 1, 1938, the defendants W. T. Keeter and O. F. Hester executed a promissory note in the principal sum of $350 to the plaintiff, the Bank of Ellijay. Hester made no appearance. The note was payable on June 1, 1938, and at the time of the filing of the petition it was due and remained unpaid. On April 21, 1938, Keeter executed a deed conveying certain described real estate to his daughter-in-law, Julia Keeter, and to his three grandchildren, Helen, Meredith, and S. L. Keeter, all of whom were named as defendants. The petition charges in substance that this constituted "all the property of the said W. T. Keeter, and . . the effect of the execution and delivery of said deed . . was to strip himself of everything which he possessed, except a small amount of personal property, which is entirely insufficient to pay said indebtedness;" that the consideration of $900 expressed in the deed "has never in fact been paid, and is not now and has never been owed by the grantees . . to the grantor," but that the deed was in fact a voluntary one, the consideration expressed being "falsely inserted therein for the purpose of more effectively carrying out the fraudulent intent and design of the . . parties thereto;" that the deed

was executed with the intent to hinder and delay his creditors including the plaintiff, and "for the purpose of preventing the judgment against him in favor of plaintiff upon said note from becoming a lien on said real estate;" and that "the intention of the said W. T. Keeter to hinder, delay, and defraud his creditors including your petitioner . . was well known" to the defendant grantees. In the latter connection it is alleged that the grantees "had a reasonable ground to suspect" the said intention and purpose of Keeter in the execution of the deed. It is further alleged that the property conveyed "is of the approximate value of $2000."

■ Since the uniform procedure act of 1887 a creditor may in one suit proceed for judgment on his debt and to set aside a fraudulent conveyance made by his debtor. *DeLacy* v. *Hurst,* 83 *Ga.* 223 (9 S. E. 1052); *Booth* v. *Mohr,* 122 *Ga.* 333 (50 S. E. 173); *McKenzie* v. *Thomas,* 118 *Ga.* 728 (45 S. E. 610); *Vaughn* v. *Georgia Co-operative Loan Co.,* 98 *Ga.* 288 (25 S. E. 441); *Coleman* v. *Law,* 170 *Ga.* 906 (154 S. E. 445, 74 A. L. R. 684); *McVeigh* v. *Harrison,* 185 *Ga.* 121 (194 S. E. 208); *Conley* v. *Buck,* 100 *Ga.* 187 (28 S. E. 97); *Helmken* v. *Flood,* 138 *Ga.* 200 (75 S. E. 3); *Fourth National Bank of Columbus* v. *Mooty,* 143 *Ga.* 137 (84 S. E. 546). For rulings before the act of 1887 see *Cubbedge* v. *Adams,* 42 *Ga.* 124; *Comer* v. *Coates,* 69 *Ga.* 491. The Code, § 28-201, declares: "The following acts by debtors shall be fraudulent in law against creditors and others, and as to them null and void, viz.: 1. Every assignment or transfer by a debtor, insolvent at the time, of real or personal property, or choses in action of any description, to any person, either in trust or for the benefit of, or in behalf of, creditors, where any trust or benefit is reserved to the assignor or any person for him. 2. Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description, had or made with intention to delay or defraud creditors, and such intention known to the party taking. A bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid. 3. Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance."

Unless the property of a person, whether real or personal, tangible

or intangible, leviable or non-leviable, is insufficient in value to discharge all his debts, he can in no proper sense be termed as insolvent. *Cohen* v. *Parish,* 100 *Ga.* 335 (28 S. E. 122) ; *Griffin* v. *State,* 142 *Ga.* 636 (83 S. E. 540, L. R. A. 1915C, 716, Ann. Cas. 1916C, 80) ; *Molyneaux* v. *Collier,* 13 *Ga.* 406; *Primrose* v. *Browning,* 59 *Ga.* 69; *Brown* v. *Spivey,* 53 *Ga.* 155, 158; *Fisher* v. *Graham,* 113 *Ga.* 851 (39 S. E. 305). The petition in the present case contains no express allegation that upon the execution of the deed, cancellation of which is sought, the defendant Keeter was insolvent. It is alleged that the property conveyed thereby "was all the property of the said W. T. Keeter, and that the effect of the execution and delivery of said deed by him to his said daughter-in-law and grandchildren was to strip himself of everything which he possessed, except a small amount of personal property, which is entirely insufficient to pay said indebtedness." If true, this is a sufficient showing of insolvency, even though not expressly so alleged. *Helmken* v. *Flood,* supra. However, by amendment the deed executed by Keeter was attached to the petition and it contains the following provision: "Provided that the said W. T. Keeter expressly reserves to himself during his natural life, if he desires, enforce same, use, can control rents, uses and profits in and to the above-described lands, and have a home on the above lands during his natural life, and revert to parties of the second part at the death of grantor." The legal effect of this provision was to reserve a life-estate in the property in the grantor, with remainder in fee simple to the grantees. *Shealy* v. *Wammock,* 115 *Ga.* 913 (42 S. E. 239) ; *North Georgia Fertilizer Co.* v. *Leming,* 138 *Ga.* 775 (76 S. E. 95). It thus appears that the defendant Keeter did not, as alleged, execute a deed to his daughter-in-law and grandchildren whereby he stripped "himself of everything he possessed, except a small amount of personal property," but that on the contrary he reserved unto himself a life-estate in the realty described in the deed. It is expressly alleged that the *personal* property belonging to the defendant Keeter is insufficient in value to satisfy the plaintiff's claim, but the value of the life-estate in the realty is not given, nor is it alleged in general terms that its value taken alone or in connection with the value of the personal property owned by the defendant is likewise insufficient. It is alleged that the approximate value of the fee-simple title to the

property is $2000, but what the approximate value of the life-estate may be can not be determined from this allegation. It may be of sufficient value to satisfy the plaintiff's demand. If not, its value when added to the value of the personal property may be sufficient. Therefore it is not made to appear that upon execution of the deed in question the defendant Keeter became insolvent, and it follows that the deed, though voluntary, can not be set aside under paragraph 3 of the above section.

It is also true, however, that under paragraph 2 of that section a deed may be set aside where it was made with the design and intention to hinder, delay, or defraud creditors, and such an intention may be found to have existed even though the grantor was and is not insolvent. *Beasley* v. *Smith,* 144 *Ga.* 377 (87 S. E. 293) ; *Betton* v. *Avery,* 183 *Ga.* 559, 561 (188 S. E. 901) ; *Cothran* v. *Forsyth,* 68 *Ga.* 560; *Baker* v. *Lyman,* 53 *Ga.* 339; *King* v. *Poole,* 61 *Ga.* 373; *Westmoreland* v. *Powell,* 59 *Ga.* 256; *Cohen* v. *Parish,* supra; *Ernest* v. *Merritt,* 107 *Ga.* 61 (32 S. E. 898). It is positively alleged that the deed was made by the defendant with the intention to hinder, delay, and defraud his creditors, including the plaintiff. This allegation must be accepted as true on demurrer; and it follows that for this reason the petition states a cause of action for cancellation of the deed. If the fact that the property of the grantor was *amply sufficient* to satisfy the debt due by him to the plaintiff would demand a finding that the deed was not made with the intention to hinder, delay, or defraud creditors within the meaning of paragraph 2 of the above section (see *Drake* v. *Ward-Truitt Co.,* 149 *Ga.* 549, 99 S. E. 125; *Mitchell* v. *Weekes,* 179 *Ga.* 886, 177 S. E. 737; *Cohen* v. *Parish,* 105 *Ga.* 339, 346, 31 S. E. 205; *McCranie* v. *Cobb,* 174 *Ga.* 370, 162 S. E. 692; *Clayton* v. *Brown,* 17 *Ga.* 217; *Weed* v. *Davis,* 25 *Ga.* 684), it must be held on demurrer that the positive allegation that it was made with such intention negatives that such was the case. For the above-stated reasons we do not think that the petition was subject to demurrer in so far as it sought cancellation of the deed.

■ The petition sought also to enjoin the defendants from in anywise changing the status of the title to the property conveyed. The facts, as they appear from the petition, do not authorize this relief, and to this extent the demurrer should have been sustained. "Creditors who have not reduced their demands to judgment, and

who have no lien otherwise, can not, as a general rule, under the general law, enjoin their debtors from selling or disposing of their property." *Kimbrell* v. *Walters*, 86 *Ga.* 99 (12 S. E. 305). See *Virginia-Carolina Chemical Co.* v. *Provident Savings Life Assurance Society*, 126 *Ga.* 50 (54 S. E. 929) ; *Smith* v. *Farnum*, 56 *Ga.* 144; *Guilmartin* v. *Middle Georgia & Atlantic Ry. Co.*, 101 *Ga.* 565 (29 S. E. 189) ; *Dodge* v. *Pyrolusite Manganese Co.*, 69 *Ga.* 665; *Smith* v. *Manning*, 155 *Ga.* 209 (116 S. E. 813). In *Stillwell* v. *Savannah Grocery Co.*, 88 *Ga.* 100 (13 S. E. 963), it was said: "Granting that the evidence makes a prima facie case of fraudulent conveyance by an insolvent firm of all of its property to a single creditor, to the injury of the other creditors, the purchasing creditor being solvent and able to respond, and the complaining creditors being without judgments or other liens and having no claim to the property by reason of fraud in the creation of their damands or otherwise, no sufficient cause for an interlocutory injunction and receiver as to this property appears." In *McKenzie* v. *Thomas*, 118 *Ga.* 728 (45 S. E. 610), the court said: "As it did not appear that any of the creditors, represented by the plaintiff as trustee in bankruptcy of one of the defendants, held judgments or other liens, or had any claim to the property upon which the injunction operated [enjoining assignor from claiming or using property], by reason of fraud in the creation of their demands or otherwise; and as there was no sufficient allegation and no proof of the defendant's insolvency, granting of the interlocutory injunction was erroneous." In the present case the plaintiff had not reduced its claim to judgment. The note sued on was not secured by the property in question. It is not even made to appear that either the grantor or the grantees are insolvent. No special facts appear making the harsh remedy of injunction appropriate. Since we are of the opinion that the prayers for injunction should have been stricken on demurrer, it of course follows that the judge erred in granting an interlocutory injunction.

*Judgment affirmed in part and reversed in part. All the Justices concur.*