## JONES *vs.* CRAWLEY *et al.*

1. A will contained the following item : "I give and bequeath the whole of my estate, both real and personal, not disposed of above, to my three sons, (naming them) and my daughters (naming them) to be equally divided among them, *i. e.,* the proceeds of all my property, none of which is to be sold except what personal property may be on hand at my death, and which cannot be equally distributed ; and should any of my children die, leaving no heirs, I desire that their *pro rata* share be equally divided amongst my living children and the grandchildren of any of my children that may be dead ; and I desire that all of my real estate shall descend to my grandchildren after the death of my own children, and that no part of my estate shall ever be subject to pay the debts of any of my daughters' husbands :"

*Held,* that such item created a life estate in the children with remainder to the grandchildren of the testator.

2. Where a levy has been made on realty as belonging to a defendant in *fi. fa.* who is in fact a life tenant, though, on proper case made, injunction may issue to restrain the sale of the remainder, yet the sale will not be therefore wholly enjoined, but the life estate may be sold.

3. Where persons other than the defendant in *fi. fa.* seek to enjoin a sheriff's sale, on the ground that they have tendered a claim affidavit and bond which the sheriff refused to receive, it should appear that such claim papers were in proper form and the security sufficient, and that the sheriff refused to receive them without good cause.

Wills.   Estates.   Injunction.   Equity.   Before Judge STEWART.   Pike County.   At Chambers.   May 14th, 1881.

To the report contained in the decision, it is only necessary to add the following:

A *fi. fa.* in favor of Jones was levied on certain land. Crawley, on behalf of himself and his children, filed a bill to enjoin the sale.   He claimed as a life tenant under the item of his father's will set out in the first head-note above, and for his children as remaindermen.   He alleged the tender of a claim affidavit and bond to the sheriff on behalf of his children, and his refusal to receive them.   The court granted an injunction, and Jones excepted.

J. H. WALKER, for plaintiff in error.

W. S. WHITAKER, for defendants.

JACKSON, Chief Justice.

The chancellor granted an injunction to restrain the judgment creditor from proceeding against the property of defendant in execution at the prayer of the said defendant, in his own right and as next friend of his children. The allegation is that he has a life estate only and the children the remainder under the will of his father, which is exhibited to the bill.   The fifth item of the will which disposes of the land in question is as follows:  " I give and bequeath the whole of my estate, both real and personal, not disposed of above, to my three sons (naming them) and to my daughters (naming them) to be equally divided among them, *i. e.*, the proceeds of all my property,

none of which is to be sold, except what personal property may be on hand at my death, and which cannot be equally distributed; and should any of my children die, leaving no heirs, I desire that their *pro rata* share be equally divided amongst my living children and the grandchildren of any of my children that may be dead; and I desire that all of my real estate shall descend to my grandchildren after the death of my own children, and that no part of my estate shall ever be subject to pay the debts of any of my daughters' husbands they now have or may hereafter have."

The bill alleged that the complainant had under this clause a life estate and his children a remainder, and that he had interposed a claim to that effect, but the sheriff had refused to receive the claim affidavit and bond, and therefore he prayed for the interposition of equity by injunction.

We think that the complainant took under the clause of the will above stated a life-interest and his children the remainder; but admitting this to be so, the injunction should not have restrained the sale of the life estate. 59 *Ga.*, 414.

The chancellor says that this point was not made before him, and that he did not rule that the life estate should not be sold. But the prayer of the bill is to enjoin any sale, and of course this included the life estate; and the injunction restrains the sale of all as prayed for.

Moreover it is not alleged that the surety tendered in the claim case was solvent, and it may be that the sheriff properly rejected the claim papers for that reason.

To enjoin a judgment from proceeding, a clear case should be made that equity has jurisdiction, and it has none if the remedy at law be complete. It was complete if a proper claim with good security had been offered to the sheriff, and it must appear from the bill that such a one was offered, and that the sheriff without any good reason refused to accept the claim papers, before equity

will interpose. The presumption is that the officer did his duty, and it requires a distinct allegation to the contrary to rebut that presumption.

The court therefore erred in granting the injunction as prayed for, and the case is remanded that action be taken below, so as to conform to this opinion.

Judgment reversed.