WILSON, trustee, *v.* WRIGHT.

Land being in 1878 conveyed to a trustee in trust for the use, benefit and advantage of a named woman and her children, and she having afterwards mortgaged the same to procure necessary supplies to carry on farming operations upon the premises, her interest in the land is subject to levy and sale under a judgment foreclosing the mortgage, as against a claim interposed by the trustee. If, by reason of the fund which paid for the land having been derived from assets disposed of by will made prior to March, 1866, and covered by a trust which the will created, the interest of the woman consisted of an estate in her for life, with remainder to her children, according to the laws of distribution in Georgia, this life-estate would be the interest subject to levy and sale under the mortgage *fi. fa.* The debt to secure which the mortgage was executed was a joint debt contracted by the woman and her children or some of them. This being so, it was her debt which the

mortgage secured, and even if she were a married woman, there being no restraint upon her power in the settlement, she would be competent to incumber her interest in the property so as to subject it, equitably at least, to the payment of the debt. In the present case there was equitable pleading on which equitable principles could be applied in moulding the judgment.

July 17, 1893.

Before Judge MᶜWHORTER. Greene superior court. August term, 1892.

An execution issued upon the foreclosure of a mortgage executed by Julia A. Jackson *et al.*, was levied on the life-interest of Julia A. Jackson, and the remainder-interests of the other defendants in execution, in certain land, and a claim was interposed by Wilson as trustee for Julia A. Jackson and her children. The case having been submitted to the judge without a jury, he found that the life-estate of Julia A. Jackson was subject to the execution, and ordered that it proceed to the extent of her life-estate. To this ruling the claimant excepted.

The land levied upon was purchased with funds arising under the will and codicils of Irby Hudson, the father of Julia A. Jackson. The other defendants are her children, and were twenty-one years of age when the mortgage was executed. She had also several minor children. The claimant, trustee for her and her children, refused to sign the mortgage when the plaintiff asked him to do so, which was prior to furnishing the supplies for which the mortgage debt was created. The defendants other than Julia A. Jackson are married and have children, save one. The consideration of the mortgage debt was supplies furnished by the plaintiff to the defendants in execution who were the beneficiaries in the trust estate, for the use and benefit of that estate, the supplies being necessary to enable said beneficiaries, who were living on and cultivating the land levied on, to carry on a farm. If some one other than the beneficiaries had not furnished such supplies, the farming

operations could not have been conducted and the beneficiaries could have realized no income or benefit from the estate. The claimant introduced a deed dated and recorded January 23, 1878, conveying the land levied upon to the trustee of Julia A. Jackson and her children, "for the use, benefit and advantage of the said Julia A. Jackson and her children, and at the decease of the said Julia A. Jackson, to such child or children, or the representatives of child or children, as she may leave in life, . . free from the debts, liabilities and obligations of present or any future husband of said Julia A. Jackson." Also in evidence was the following codicil, executed before March, 1866, to the will of Irby Hudson: "I Irby Hudson, being still of sound mind, and by way of codicil, wish to change the 3d and 4th items of my foregoing will dated 6th of September, 1863, so far only as to direct that the share given to my wife for life and at her death to our children, be revoked, and that the same be left to her during life to be disposed of by her at her death by will or otherwise; and I hereby now nominate and appoint her executrix of my will and this codicil, and give to her as trustee and in trustee the whole of my estate after the share to her is deducted, to and for the following use and trust, and so far as to alter the 3d item of my will and revoke the bequest to our children, that she hold the same to their sole and separate use, free and exempt from the control of any husbands they may have, or the liabilities of their husbands during life, and at their death to their children according to the laws of distribution in Georgia; and in case of the marriage of my wife, then a competent trustee be appointed."

COLUMBUS HEARD, by brief, for plaintiff in error.
H. T. LEWIS and J. B. PARK, Jr., contra.

BLECKLEY, Chief Justice.

What the court found subject to sale under the mortgage *fi. fa.* against Mrs. Jackson was her life-estate in the premises levied upon. These premises were purchased with funds arising from assets disposed of by the will of Irby Hudson, her deceased father. The terms of that will, so far as relevant, as well as the terms of the deed under which the trustee claims, are set forth in the official report. The two instruments are not necessarily inconsistent, for while the deed might be suggestive of a joint use in Mrs. Jackson and her children and apparently adapted to the creation of a tenancy in common in the use during her life, the addition of the words, "and at the decease of the said Julia A. Jackson, to such child or children, or the representatives of child or children, as she may leave in life," can be construed as indicating a purpose to conform the deed to the terms of the will so as to make the children's interest consist exclusively of a remainder and leave the mother sole tenant for life as the will provided. Be this as it may, as the fund which paid for the land now in question was a part of the trust estate created by the will, the will should govern as to the interest which the mother and children have respectively in the land. Tested thus, there can be no doubt that Mrs. Jackson has a clear life-estate and that the children have only a remainder. No reason exists, under the law as it now stands in this State, why Mrs. Jackson could not, with or without the consent and co-operation of the trustee, encumber her life-estate in this property, at least equitably, by mortgaging the same to her own creditor. Whether a married woman or not, she has the right to mortgage her own property to secure her own debt, there being no restriction upon her power in the settlement. Under our claim laws an equitable title will suffice to support a claim, and such a title ought to suffice in like manner to defeat a claim.

There can be no doubt that a woman who is the benefi-
ciary of an estate is the equitable owner thereof, and
with proper equitable pleading such estate as she has
may be devoted to the payment of her just debts. In
the present case there was such pleading, and equitable
principles could be applied in moulding the judgment
thereon. The court committed no error.

*Judgment affirmed.*