AYERS, administratrix, *v.* HARRELL.

SIMMONS, C. J.  1. As a general rule, in testing the solvency of one who has made a voluntary conveyance of property, his indorsements or suretyship on the obligations of others, not matured at the time of the conveyance, should not be counted as his debts, where it does not appear that his contingent liability was at that time likely to become absolute or that it afterwards in fact became so. King *v.* Thompson, 9 Pet. 203, 220; McLaughlin *v.* Bank, 7 How. 229; Bump. Fraud. Conv. (4th ed.) § 255. Where, therefore, one made such a conveyance to his wife and was at the time surety for another, and the obligation was thereafter paid by the principal, such a debt should not be counted against the surety, in an attack on the wife's deed on the ground that the husband was insolvent when he made it. This case is distinguishable from that of *Primrose* v. *Browning,* 56 *Ga.* 369, s. c. 59 *Ga.* 69. In that case the indorsement was on a thirty-day note, the voluntary deed was made to the wife five days before the maturity of the note, the maker became a bankrupt, judgment was obtained against the indorser, and the execution was levied on land purchased by the wife with the proceeds of the land voluntarily conveyed to her. In that case the contingent liability of the surety became absolute, while in the present case the payment by the principal discharged the surety from all liability on the note.

2. Where one made a voluntary deed and some time thereafter died, the value of his other property at the time the deed was made is the true test of his solvency at that time, and not the value of his property at the time of his death as estimated by appraisers appointed to set aside a year's support for his widow and minor children. King *v.* Thompson, supra; Whitesell *v.* Hiney, 62 Ind. 168; Goodman *v.* Wineland, 61 Md. 449; McCole *v.* Loehr, 79 Ind. 432; Posten *v.* Posten, 4

Whart. 27, 44; Bump, Fraud. Conv. (4th ed.) § 255; Wait, Fraud. Conv. (3d ed.) § 273, p. 482.　　*Judgment reversed. All the Justices concurring.*

Argued, July 19, — Decided August 8, 1900.

Complaint. Before Judge Nottingham. City court of Macon. November 4, 1899.

*Washington Dessau* and *Roland Ellis*, for plaintiff in error. *W. E. Martin Jr.* and *F. Chambers*, contra.

