## SHEALY *v.* WAMMOCK *et al.*

A deed of land, made in 1878, to an unmarried woman " and her heirs from her body, if any ; if she shall have no heirs of her body, then to " the heirs of the grantor at the death of the grantee, which deed, while expressly convey- ing a fee-simple estate, reserved to the grantor the use and control of the land during his life, created, in legal effect, an estate in the grantor for life, with remainder to the grantee in fee, subject to be divested upon her death with- out children.　The grantee having subsequently married, and having died af- ter the grantor without ever having had a child, the fee to the land passed, under the terms of the deed, to the grantor's heirs.

Submitted March 1, — Decided July 17, 1902.

Ejectment.　Before Judge Evans.　Washington superior court. March 8, 1901.

*Daley & Walker*, for plaintiff in error.
*Hardwick & Hyman* and *Rawlings & Howard*, contra.

SIMMONS, C. J.　This was an action of ejectment.　The case was submitted to the judge of the court below, without the intervention of a jury, upon an agreed statement of facts, the material portion of which is, in substance, as follows: In 1878 the premises in dispute were conveyed by a deed which contained substantially the follow- ing recitals : " Georgia, Washington county.　This indenture, made this October 9, 1878, between Allan Jackson, of the first part, and Elizabeth Jackson, of the second part, both of said county, wit- nesseth that, for and in consideration of my natural love and affec- tion for the said party of the second part, the party of the first part hath granted, sold, and conveyed unto the said party of the second part and the heirs from her body, if any ; if she shall have no heirs of her body, then to my lawful heirs at the death of the said party of the second part, all that tract of land [describing the premises in dispute].　To have and to hold the above-described premises, with all the rights and profits in any way thereto belonging, to her- self, her heirs as above stated, and assigns, in fee simple forever. Reserving to myself, however, the use and control of the above- described premises for and during my natural life."　In June, 1879, the maker of this instrument died intestate, leaving as his heirs at law the plaintiffs.　At the date of the execution of the deed above referred to, Elizabeth Jackson, the grantee therein, was unmarried and had no children.　She afterwards married the defendant, Shealy,

but died intestate in June, 1900, never having had any children, and leaving Shealy as her sole heir at law. At the date of her death the plaintiffs in this suit were the heirs at law of Allan Jackson. The court, after hearing arguments, rendered judgment in favor of the plaintiffs for the premises in dispute, and for mesne profits. To this judgment the defendant excepted.

The legal effect of the deed in this case was to create an estate in the donor for his natural life, with remainder to the grantee and her heirs from her body, if any, and a limitation over, at the death of the grantee without heirs from her body, to the lawful heirs of the donor. The general rule is, that "where there is a gift of a particular interest in the same property, antecedent to the gift to the person whose death is spoken of, the death, in the absence of all indications of a contrary intent, is construed to be a death in the lifetime of the first taker," so that the estate becomes absolute in the remainderman upon his surviving the life-tenant. Smith on Executory Interests, § 658 ; *Sumpter* v. *Carter*, ante, 893. The case at bar, however, does not fall within this rule. The donor himself being the life-tenant, and his lawful heirs being the ulterior donees at the death of the named remainderman without heirs from her body, two contingencies are provided for: first, the death of the donor and life-tenant before the named remainderman, leaving lawful heirs; and second, the remainderman's death without heirs from her body. See Outland v. Bowen, 7 Am. St. Rep. 423 – 4. If the deed contained no limitation over, the conveyance in remainder to the grantee and her heirs from her body alone would have given the grantee an estate tail (*Chewning* v. *Shumate*, 106 *Ga.* 751; *Ellis* v. *Gray*, 110 *Ga.* 612, 614), which would have been converted into an absolute fee by our act of December 21, 1821. Ibid. And such estate would be unaffected by the limitation over at the death of the grantee without heirs from her body, if such words meant an indefinite failure of issue. But since our act of February 17, 1854, these and equivalent terms in limitations over, which theretofore meant an indefinite failure of issue, are defined to mean a definite failure of issue. The legal effect of this in a case like the one at bar, where the named grantee in remainder had no children, is to change the estate under the preceding clause, and give the grantee a qualified or determinable fee, which is divested upon her death without leaving children. Such a grant is legal, as a fee may

be limited upon a fee by deed in this State. Civil Code, § 3082. It therefore follows that, as the named grantee married and died years after the donor and life-tenant, without leaving or having a child, the lawful heirs of the donor, who are the defendants in error, are entitled to the fee in the property under said deed.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*