### NORTH GEORGIA FERTILIZER COMPANY *v.* LEMING

FISH, C. J.   1. Where a grantor, in consideration of a given sum of money, conveys described land by warranty deed, with the stipulation therein that the grantor "is to have exclusive control of the above lands during the balance of his natural life," a life-estate is reserved in the grantor. *Porter* v. *Thomas,* 23 *Ga.* 467 (2); *Shealy* v. *Wammock,* 115 *Ga.* 913 (42 S. E. 239).

2. A life-estate is subject to levy and sale under execution against the life-tenant. *Jones* v. *Crawley,* 68 *Ga.* 175 (2); *Mathews* v. *Paradise,* 74 *Ga.* 523; *McLaughlin* v. *Ham,* 84 *Ga.* 786 (11 S. E. 889); *Wilson* v. *Wright,* 91 *Ga.* 774 (18 S. E. 546); *American Mortgage Company* v. *Hill,* 92 *Ga.* 297 (2), 298 (18 S. E. 425); *Bozeman* v. *Bishop,* 94 *Ga.* 459 (20 S. E. 11).

3. It follows that where an execution, issued upon a judgment against the life-tenant under the conveyance referred to in the first headnote, was levied upon the life-estate of the defendant in the lands so conveyed, and a claim was interposed by the grantee in such conveyance, and upon the trial the plaintiff in fi. fa. introduced the conveyance in evidence, and a witness in behalf of the plaintiff in fi. fa. testified that the defendant, the life-tenant, had been in possession of the land for 25 or 30 years, had been in actual possession thereof for the past 10 years, and the claimant introduced no evidence, the court erred in directing a verdict for the claimant. *Judgment reversed. All the Justices concur.*
OCTOBER 15, 1912.

Claim.   Before Judge Maddox.   Floyd superior court.   October 23, 1911.

*Sharp & Sharp,* for plaintiff.
*Eubanks & Mebane,* contra.