## 27931. FIRST NATIONAL BANK OF VALDOSTA
*v.* GEIGER.

DECIDED MARCH 7, 1940.

*Franklin & Eberhardt, Omer W. Franklin Jr.,* for plaintiff.
*H. B. Edwards,* for defendant.

FELTON, J. A common-law execution in favor of the First National Bank of Valdosta against U. C. Geiger, was levied on a half interest in four barber chairs, one lavatory, four mirror hatracks, one .shower-bath, eight electric-light fixtures, one bathtub, one clock, one stool, two heaters, one cash register, two electric fans, one four-chair workstand complete, one bootblack-stand, thirteen chairs, plumbing fixtures, and one barber sign; to which Mrs. C. L. Geiger Sr. filed a claim. The levy recited that the property was levied on as the property of the defendant in execution, found in his possession. A prima facie case was made out by the introduction of the execution and return of the levying officer. The claimant introduced a bill of sale, executed by the defendant in fi. fa., conveying a half interest in the property levied on, the claimant being the·grantee, which bill of sale contained the following provision: "The said U. C. Geiger . . reserves the right to operate and control said property during his natural life." This had the effect of reserving a life-estate in the defendant in fi. fa. *North Georgia Fertilizer Co.* v. *Leming,* 138 *Ga.* 775 (76 S. E.

95) ; *Porter* v. *Thomas,* 23 *Ga.* 467 (2) ; *Shealy* v. *Wammock,* 115 *Ga.* 913 (42 S. E. 239). A life-estate may be created in personal property (Code, § 85-104), within the limitation that it may not be created in such property as is destroyed in the use. § 85-602. The property involved in this case is not such property as the law contemplates by the expression "such property as is destroyed in the use." It is idle to enter into a lengthy discussion of the question when the Supreme Court of this State has held that a life-estate may be created in property of such nature as to be susceptible of depreciation in value from use. In *Leonard* v. *Owen,* 93 *Ga.* 678, 680 (20 S. E. 65), the court held that a life-estate could be created in live stock. Whatever the expression "such property as is destroyed in the use" may mean; it does not refer to property of a substantial nature which depreciates from use over a substantial period of time, such as the property here involved. For discussion of the almost identical question see *Jolley* v. *Hardeman,* 111 *Ga.* 749 (36 S. E. 952). A life-estate is subject to levy and sale; and since the levy covered a half interest in the fee, a half interest in the life-estate of the defendant in fi. fa. was subject to the execution, without an amendment to the levy. *McLaughlin* v. *Ham,* 84 *Ga.* 786 (11 S. E. 889).

The evidence shows that U. C. Geiger turned the property over to the claimant, and that she for a time paid him $7 a week to "make change" in the barber shop in which the property was used, and that he left and went to Arizona. There is no evidence that he abandoned his right to the operation and control of the property during his life, or that he gave it away, or in any way relinquished it or transferred it to the claimant. Her temporary use of it, or her use of it over a long period of time, was presumptively a permissive use, and would be no more evidence of her complete ownership than if he had made her no bill of sale and she had merely possessed the property belonging to the defendant. There is no contention that the claimant claimed the title to the life-estate of the defendant by reason of adverse possession.

The court erred in directing the verdict for the claimant, and in overruling the motion for new trial.

*Judgment reversed. Sutton, J., concurs.*

STEPHENS, P. J., dissenting. The undisputed evidence showed that the defendant owned a half interest in certain barber-shop

chairs and equipment; that the claimant, his daughter-in-law, obtained money from her brother-in-law to buy, the half interest of U. C. Geiger in the property; that she delivered some money to him in part payment for this half interest, and in 1930 paid him for his half interest in the barber shop; that since 1930 U. C. Geiger had been making change in the shop, and the claimant paid him $7 a week for so doing; that the claimant used the balance of the money received by her from the shop to live on; that Jesse Vickers owned the other half interest in the shop; that since 1930, and until U. C. Geiger left and went to Arizona, the claimant had had control of half interest in the shop; that that situation existed from 1930 until U. C. Geiger went away; and that U. C. Geiger made the claimant a bill of sale to his interest in the shop. This evidence, which is from the testimony of the claimant and was uncontradicted, demanded a finding that on the sale by U. C. Geiger of his interest in the shop the claimant was put in possession of the property, so far as U. C. Geiger's interest was concerned, along with the cotenant of the property, Jesse Vickers. The bill of sale recited that the grantor, in consideration of $1000 (which was the amount the claimant testified she paid Geiger), "has bargained, sold, and hereby bargains, sells, and delivers unto the said Pauline Geiger" the property in question. Thereafter in the bill of sale is the following: "The said U. C. Geiger hereby warrants the title to said Mrs. Pauline Geiger, and reserves the right to operate and control said property during his natural life."

A life-tenant is entitled to the possession for and during his natural life, and the remainderman remains out of possession until the termination of the life-estate. Under the undisputed evidence U. C. Geiger parted with the possession of the property when it was sold to the claimant, and the bill of sale recites that the property was delivered to the claimant. The claimant was one of the operators of the shop, received the proceeds from its operation, and paid Geiger $7 a week for working in the shop, "making change." Therefore, considering the reservation in the bill of sale above quoted with the fact that the grantee in the bill of sale was put in possession of the property, so far as U. C. Geiger's half interest was concerned, the inference is conclusive that this reservation was not a reservation of title to a life-estate in the grantor. It therefore appears conclusively that no life-estate in the property

was vested in U. C. Geiger, but that by the bill of sale the entire title to the property was vested in Mrs. Pauline Geiger, the claimant, with the right in U. C. Geiger to operate and control it during his life. This he could do without any title to the property. This interest was not a leviable one. This conclusion is corroborated by the fact that in the bill of sale the grantor, in immediate connection with the reservation of the right to operate and control the property, warranted the title to Mrs. Pauline Geiger. I think the evidence demanded a finding that the title to the property was in the claimant, and that the court did not err in directing the jury to find for the claimant.