19486. WALLACE, Executor, *et al., v.* WILLIAMS.

SUBMITTED OCTOBER 8, 1956—DECIDED NOVEMBER 14, 1956.

*Fulcher, Fulcher & Hagler,* for plaintiff in error.
*Harris, Chance & McCracken, Otis W. Harrison,* contra.

ALMAND, Justice. The exception here is to a judgment overruling general and special demurrers to an equitable petition.

Eva Mae Williams filed an equitable petition against L. B. Wallace, executor under the will of Dr. Andrew E. Maxwell, alleging that the testator died on June 5, 1952, leaving a will, which was probated in common form on June 13, 1956. The amended petition alleged: that, in April, 1947, the testator agreed with the petitioner that, if she would permit him to reside in her home, rendering him nursing care, feeding him, laundering his clothes, he being ill at the time, and looking after his welfare, comfort, and health, and collecting the rents from his property and paying the same over to him, for the remainder of his life, he would make a will devising to petitioner property adequate in value to the services performed and to be performed by her; and that, while he was in her home in a paralytic condition, he again agreed with her in 1950 that, if she would continue to render the services she had agreed to in April, 1947, for the rest of his life, he would make a will devising to her property from his estate equal in value to the services performed by her for his benefit. She alleged that she had fully complied with the agreement as to the matters she agreed to do, until his death, and that he had left a will, but did not devise any property to her; and that she had never been paid anything for the services she rendered to him. She alleged that, at the time of his death, the testator was sixty years of age, and that the value of the services she rendered to him from April, 1947, through January, 1952, were reasonably worth the sum of $11,200, and she prayed judgment for this amount. The defendant filed general and special demurrers to the petition. Thereafter the plaintiff filed an amendment to her petition, in which she alleged that the estate of the testator at the present time is practically insolvent, and there remains only $350 in the estate, which was wholly inadequate to remunerate her for the services rendered; that on January 31, 1948, the testator made a trust deed to L. B. Wallace in fee simple to seven lots of realty of the present value of $25,000, in trust for the benefit of his nieces and their descendants, a copy of said deed being incorporated by reference in the amendment. It was alleged that the testator by such deed conveyed practically all of his estate, for the purpose of defrauding petitioner, and did not

retain a sufficient amount from his estate to pay petitioner for the services she rendered under her contract with him. She prayed that Wallace, in his capacity as trustee, be made a party defendant; that she have judgment against him as such for the amount named in her petition; and that he be enjoined from disposing of and selling the property listed in the trust deed. The defendant filed demurrers and objections to this amendment, and in the bill of exceptions error is assigned on the order making Wallace, as trustee, a party defendant. The original and renewed demurrers to the petition were overruled, and Wallace, as executor and trustee, assigns error on these orders.

■ L. B. Wallace, as executor of the will of Dr. Maxwell, insists that the petition as amended, which seeks relief against him as executor, shows on its face that it is a suit to recover on quantum meruit, and is barred by the statute of limitations. We cannot agree with this contention, as we construe the petition to be a suit brought to recover damages for the breach of an express contract. The petition alleges a clear and definite contract, whereby the testator agreed that, if the petitioner would permit him to reside in her home, he being partially physically incapacitated at the time, and would render certain enumerated services in caring for him and looking after his personal and business needs for the remainder of his life, he would compensate her by devising her a portion of his estate in his will for services rendered to him in his lifetime. She alleged that she had fully complied with her agreement by rendering services until his death; that this agreement had been broken by the testator's failure to leave her anything in his will; and that the reasonable value of the services rendered by her was a specified sum, and she prayed judgment for such amount.

The petition does not allege merely a cause of action based upon quantum meruit for the value of such services, but seeks to recover a certain sum by reason of the breach of a contract. The petitioner's cause of action accrued at the time of the testator's death, when he failed to devise any property to her, it being alleged that he died on June 5, 1952, and letters testamentary were issued to his executor on June 13, 1952; and the instant suit having been instituted in March, 1956, the action was not barred by the statute of limitations. See *Banks* v. *Howard,* 117 *Ga.* 94 (3) (43 S. E. 438).

The amendments to the petition, as they related to the nature of the contract between the parties, did not change the cause of action, but merely amplified the allegations as to the express contract and its alleged breach.

On May 29, 1956, the petitioner filed an amendment to her petition, alleging that the testator on January 31, 1948, conveyed, by trust deed to L. B. Wallace as trustee, fee-simple title to seven lots of realty of the present market value of $25,000, in trust for the benefit of his nieces and their descendants. In this amendment it was alleged: "Petitioner shows that the said Dr. Andrew E. Maxwell did convey practically all of his estate by trust deed, as aforesaid for the purpose of defrauding your petitioner. . . Petitioner shows that the said Dr. Andrew E. Maxwell did not retain sufficient amount of his estate to remunerate your petitioner and that he did not as previously agreed make provisions in his will for your petitioner, as aforesaid. . . Petitioner shows that the estate of Dr. Andrew E. Maxwell being wholly inadequate to compensate petitioner for services rendered, that in equity and good conscience she should be allowed to proceed against the property listed in the trust indenture"; and in the same connection, it was alleged in the amendment filed June 22, 1956, as follows: "petitioner shows that when the said Dr. Andrew E. Maxwell conveyed the property listed in the trust deed attached, the said Andrew E. Maxwell was insolvent in that he did not retain sufficient property to amply pay his existing debts nor to compensate your petitioner for the services performed and to be performed." The prayers of the amendment of May 29 were that L. B. Wallace, in his capacity as trustee, be made a party defendant, and for a judgment against the trustee for the principal and interest sued for. Wallace as trustee filed his objections to being made a party defendant, and his general and special demurrers to these amendments. These objections and demurrers were overruled, and the defendant trustee assigns error on these rulings, the contention of the trustee being that the amendments to the petition, in which the plaintiff seeks equitable relief against the trustee, failed to state a cause of action.

The right of the plaintiff to have the court grant her relief against Wallace as trustee, either in setting aside the trust deed or for a money judgment to be paid out of the trust property, can

only be sustained if the allegations are sufficient to charge that the deed from the testator to the trustee was not for a valuable consideration and made by the testator while "insolvent at the time of such conveyance." Code § 28-201 (3). The amendment of May 29, 1956, sets out a copy of the trust deed, which shows that it was executed on January 31, 1948, and recites a consideration of $10 cash, wherein the fee-simple title was conveyed by the testator to the trustee covering seven tracts of real estate, in which the trustee was given full power to hold, manage, control, and rent the real estate and collect the rents and to pay "the net income from said trust estate to Andrew E. Maxwell, M. D., as long as he lives and at the termination of his life said trustee shall divide the net income as follows": and the trust deed thereafter sets out how the income is to be paid. It is alleged that the present market value of the property conveyed to the trustee was $25,000. The original petition alleged that the testator, at the time he made the agreement in 1950, was sixty years of age. There is no allegation in the petition that the sum of $10 recited in the deed was not actually paid. The deed therefore shows on its face that it was not a voluntary conveyance. *Glenn* v. *Tankersly*, 187 *Ga.* 129 (4) (200 S. E. 709) ; *Pharr* v. *Pharr*, 206 *Ga.* 354, 357 (57 S. E. 2d 177). The allegations in the petition are insufficient to show that the testator was insolvent at the time the conveyance was made in 1948. Solvency is to be tested by the value of his property at the time of the making of the voluntary deed, and not by the value of his property at the time of his death. *Ayers* v. *Harrell*, 111 *Ga.* 864 (2) (36 S. E. 946). One who is in debt may make a voluntary conveyance of a part of his property if the part retained is amply sufficient to pay his debts. *Cohen* v. *Parish*, 100 *Ga.* 335 (28 S. E. 122). It distinctly appears from the petition that, at the time the testator made the deed in 1948, he reserved for his benefit the income from the property during the remainder of his life, the legal effect of the provision being to reserve to himself a life estate in the property, with remainder in fee to the beneficiaries under the trust deed. *Shealy* v. *Wammock*, 115 *Ga.* 913 (42 S. E. 239). Though the value of the property as of 1956 is stated as being $25,000, there is no allegation in the petition as to the value of the testator's life estate. It appears from the petition that the testator was fifty-eight years

of age at the time of the execution of the deed, and at that time had a normal expectancy of 15.55 years (Carlisle Mortality Table, 70 *Ga.* 843). The trust deed showing that the testator reserved a life interest in the trust property of an undisclosed value, these facts negative the allegation that the testator was insolvent, "in that he did not retain sufficient property to amply pay his existing debts nor to compensate your petitioner for services performed and to be performed." Therefore, it is not made to appear that, upon the execution of the trust deed, the decedent became insolvent, and it follows that the deed, even though it may have been a voluntary deed, cannot be set aside under Code § 28-201 (3). On this question, see the controlling authority of *Keeter* v. *Bank of Ellijay*, 190 *Ga.* 525 (9 S. E. 2d 761). It follows that the court erred in making L. B. Wallace, as trustee, a party defendant, and likewise erred in overruling the general and special demurrers of Wallace as trustee.

The court did not err in overruling the general and special demurrers of Wallace as executor of the will of Dr. Maxwell, but committed error in overruling the demurrers of Wallace as trustee.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Wyatt, P. J., not participating.*