In re Gary Lee WATERS.

Roger W. MOISTER, Jr., Trustee,
Plaintiff,

v.

Deborah M. WATERS, Defendant.

Bankruptcy No. 80–01423A.
Adv. No. 80–0624A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Jan. 8, 1981.

**164**

Roger W. Moister, Jr., Atlanta, Ga., for plaintiff.

Barry Staples, Dupree & Staples, Marietta, Ga., for defendant.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

Plaintiff's motion for summary judgment brings the matters involved herein before the Court. Having considered the motion, the briefs and documents submitted by the parties and the pleadings on file the Court makes the following decision.

### FINDINGS OF FACT

On August 11, 1980 Gary Lee Waters ("Debtor"), transferred a one-half interest in unimproved real estate to Deborah M. Waters ("Defendant"), his wife and the defendant herein. No consideration was given for this transfer. At the time of the conveyance Debtor's alleged total indebtedness was approximately $419,880.43. The alleged total value of Debtor's assets on this date was $10,465.00.

By warranty deed dated December 22, 1978 and recorded on December 29, 1978 Debtor conveyed his one-half interest in his residence and real estate to Defendant. This conveyance was also made without consideration. Debtor's alleged total indebtedness on December 22, 1978 was approximately $350,151.50. At the time of the conveyance Debtor allegedly owned property of an approximate value of $7,465.00.

Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, and Roger W. Moister, Jr. ("Trustee"), was appointed trustee. Trustee commenced this adversary proceeding to set aside the aforementioned transfers of real

property. It is contended that the conveyances are voidable under 11 U.S.C. § 544(b) pursuant to Ga.Code Ann. § 28–201(3).

A motion for summary judgment was filed by Trustee on October 15, 1980. Defendant filed a response to this motion on November 17, 1980 after the expiration of the 20-day time period fixed for response to such motions by Rule 91.7 of the Local Rules for the United States District Court for the Northern District of Georgia.

## APPLICABLE LAW

### LOCAL RULES

At the outset the Court must address some procedural matters.

Defendant's response to Trustee's motion for summary judgment was not filed within the time period set by Rule 91.7 of the Local Rules. Under Local Rule 91.2 failure to respond to a motion is deemed an indication that there is no opposition to the motion.

Defendant also discovered a breach of the Local Rules on the part of Trustee. It appears that Trustee did not file and serve on Defendant his motion for summary judgment within 10 days after the mailing of the pre-trial notice as required by Local Rule 92.0. This Rule provides that a motion that is not filed within the prescribed time shall not be entertained unless otherwise ordered by the court.

■ It is fairly obvious that both parties have taken liberties with the local rules of procedure. While strict compliance with Local Rules is to be desired, this Court is loath to decide this case on such a technical basis when both parties have treated the motion for summary judgment as one properly before the Court and have submitted briefs and documents in support of their respective positions. Therefore the Court will entertain Trustee's motion for summary judgment and will consider all of the briefs and supporting documents submitted by the parties.

## INDISPENSABLE PARTY

■ Defendant alleges that Trustee failed to join an indispensable party, the debtor, in this action. It is argued that Georgia law determines who must be joined as parties on this adversary proceeding. This Court cannot agree with Defendant's proposition. In proceedings before a federal court the joinder of parties is a matter of federal law. *Provident Tradesmens Bank & Trust Company v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *Harrell and Sumner Contracting Company, Inc. v. Peabody Petersen Company*, 546 F.2d 1227 (5th Cir. 1977).

In bankruptcy proceedings the joinder of parties is governed by Rule 719 of the Bankruptcy Rules the pertinent part of which reads:

*(a) Persons to be Joined if Feasible.* A person who is subject to service of process shall be joined as a party in the proceeding if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the proceeding and is so situated that the disposition of the proceeding in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or in a proper case, an involuntary plaintiff.

■ Bankruptcy Rule 719(a) is substantially the same as Rule 19(a) of the F.R. Civ.P. Under Rule 19 the test of indispensability is whether the absent party's interest is such that no decree can be entered which will do justice between the parties actually before the court without injuriously affecting the rights of the absent party. *Sax v. Sax*, 294 F.2d 133 (5th Cir. 1961).

■ The Court finds that Debtor is not an indispensable party to this adversary proceeding. Trustee is attempting to re-

cover property for the benefit of the creditors of Debtor's estate. The relief sought is the removal and cancellation of the deeds to the subject property from the Douglas County Records. Because Debtor no longer has an interest in the property which is the subject matter of this adversary proceeding, it is difficult to see how Debtor's rights will be injured by the granting or denial of the relief requested by Trustee. In conclusion, the Court finds that the proper parties to this proceeding are the Trustee who represents the creditors of Debtor's estate and the grantee of the subject property.

## VALIDITY OF TRANSFERS

Trustee contends that the two transfers of real estate made by Debtor to Defendant are voidable 11 U.S.C. § 544(b) pursuant to Ga.Code Ann. § 28–201.

Section 544(b) of Title 11 gives the trustee the power to avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under § 502 of Title 11 or that is not allowable only under § 502(c) of Title 11. This power may be utilized by the trustee only when it can be shown that at least one of the present creditors of the estate, holding an allowable unsecured claim, was an actual unsecured creditor or the successor in interest of an actual unsecured creditor against whom the transfer was voidable under the controlling state or federal law. 4 *Collier on Bankruptcy* (15th Edition) ¶ 544.03. The required showing has been made in the instant case.

Trustee relies on Ga.Code Ann. § 28–201 in asserting that the two transfers of real estate from Debtor to Defendant are voidable. The pertinent part of this statute reads:

"Enumeration of void acts—The Following acts by debtors shall be fraudulent in law against creditors and others, and as to them null and void, viz: . . .

3. Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance."

The only facts necessary to be shown in order to render the transfer of property fraudulent in law under § 28–201(3) are the indebtedness, the insolvency of the debtor and the voluntary character of the transfer. *Chambers v. Citizens & Southern National Bank*, 242 Ga. 498, 249 S.E.2d 214 (1978); *Mercantile National Bank v. Aldridge*, 233 Ga. 318, 210 S.E.2d 791 (1974).

Defendant has not disputed the assertion that the two transfers of real property were voluntary nor has she disputed the assertion that Debtor owed debts on the two dates on which these transfers occurred. The area of contention between the parties is whether Debtor was insolvent when the transfers took place.

Under Ga.Code Ann. § 28–201(3) a debtor is insolvent when the property left or retained by the debtor after a voluntary conveyance is insufficient to pay his existing debts. *Chambers v. Citizens and Southern National Bank, supra.*

Although Defendant has not disputed the amount of the debts that Trustee contends were in existence when the voluntary conveyances occurred, Defendant has asserted objections to the inclusion of some of these debts in Debtor's total indebtedness.

Debtor executed several guarantees on behalf of Four Star Tire Company, Inc., (hereinafter referred to as "Four Star"), under which he agreed to be guarantor for certain debts incurred by Four Star. Trustee counted these guaranteed debts as part of Debtor's total indebtedness. It is argued by Defendant that these debts should not be considered as part of Debtor's total indebtedness for the reason that Debtor's liability on the guarantees is contingent.

In *Ayers v. Harrell*, 111 Ga. 864, 36 S.E. 946 (1900), it was held that in testing the solvency of one who has made a voluntary conveyance of property, his endorsements or suretyship on the obligations of others, not matured at the time of the conveyance, should not be counted as his debts where it does not appear that his contingent liability was at that time likely to become absolute or in fact became so.

█ The Court has examined the guarantees executed by Debtor and concludes that the debts owed by Four Star to Armstrong Rubber Company and Continental Products Corporation should be included in Debtor's total indebtedness. By the terms of the guarantees entered into between Debtor and Armstrong Rubber Company and between Debtor and Continental Products Corporation, Debtor is primarily liable for the debts guaranteed.

█ Defendant contends that the Court must take into consideration the assets of Four Star and the three other guarantors who guaranteed the debt of Four Star to Continental Products Corporation in determining Debtor's insolvency. The Court does not agree with Defendant's contention. Because Debtor is primarily liable for the debts of Four Star owed to Armstrong Rubber Company and Continental Products Corporation these creditors do not have to look to the assets of Four Star before they enforce the liability against Debtor. The co-guarantors of Four Star's indebtedness to Continental Products Corporation bear joint and several liability under the guarantee. Therefore Debtor could be held liable for the entire amount of Four Star's indebtedness. The Court concludes that in this situation it is appropriate to include these liabilities of Four Star which were guaranteed by Debtor in the total amount of Debtor's indebtedness.

█ In the guarantee agreement between Debtor and Uniroyal, Inc. Debtor guaranteed the payment of Four Star's indebtedness to Uniroyal. Generally, for a guarantor to become liable under a guarantee of payment there need only be a failure of the primary obligor to make payment. *Shaw v. Cousins Mortgage & Equity Investments*, 142 Ga.App. 773, 236 S.E.2d 919 (1977); *Amos v. Continental Trust Company*, 22 Ga.App. 348, 95 S.E. 1025 (1918). There is no indication in the record of whether Four Star failed to pay Uniroyal, Inc., therefore the Court cannot conclude that this indebtedness may be counted in the total amount of the indebtedness of the Debtor. An issue of fact exists with regard to whether Four Star failed to pay its debts to Uniroyal, Inc. This issue of fact is material to the determination of Debtor's insolvency on the dates the voluntary transfers were made.

Defendant also argues that there is an issue of fact with regard to the total value of Debtor's assets on the dates the voluntary conveyances occurred. Debtor owns stock in Four Star which has not been valued. The value of this stock is material for it may be that this stock and Debtor's other assets were sufficient to pay the debts which existed when Debtor transferred the property in question to Defendant. The Court therefore concludes that there is a genuine issue of material fact as to the value of the Four Star stock owned by Debtor.

A motion for summary judgment may be granted only when there are no genuine issues of material fact remaining to be tried. Rule 56 of the F.R.Civ.P. The Court finds that there are issues of fact in this case which relate to the determination of Debtor's insolvency on the dates he transferred the property in question. First, there is the question of whether Four Star paid the debts it owed to Uniroyal, Inc. This issue of fact is determinative of whether Four Star's indebtedness to Uniroyal, Inc. may be counted as a liability of the Debtor's. The second issue of fact is the value of the Four Star stock owned by Debtor. This issue of fact is relevant to the determination of Debtor's insolvency on the pertinent dates. Because these issues of fact remain to be tried, the motion for summary judgment cannot be granted.

## CONCLUSIONS OF LAW

1. Debtor is not an indispensable party to this adversary proceeding.

2. There are genuine issues of material fact remaining to be tried in this case. It is therefore

ORDERED that Trustee's motion for summary judgment shall be and same is hereby denied.

SO ORDERED.